JESSE A.P. BAKER, OSB No. 100017
ALDRIDGE PITE, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorney for    U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE FOR
BEAR STEARNS ARM TRUST 2005-9, MORTGAGE-BACKED NOTES,
SERIES 2005-9

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>EDWARD J. DUFFY,<br><br>Debtor. | Case No. 18-33339-tmb13<br><br>Chapter 13<br><br>OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN<br><br>341(a) MEETING:<br>DATE:    October 23, 2018<br>TIME:    11:00 AM<br>PLACE:  Chapter 13 Trustee, Portland,<br>Chapter 13 Trustee Office,<br>222 SW Columbia St., #1700,<br>Portland, OR 97201<br>CONFIRMATION HEARING:<br>DATE:    November 15, 2018<br>TIME:    9:00 AM<br>CTRM:   4 |

U.S. Bank National Association, as Indenture Trustee for Bear Stearns ARM Trust 2005-9, Mortgage-Backed Notes, Series 2005-9 (hereinafter "Creditor"), secured creditor of the above-entitled Debtor, (hereinafter "Debtor"), hereby objects to the Chapter 13 Plan filed by Debtor in the above-referenced matter. The basis of the objection is stated below:

**1)**

**STATEMENT OF FACTS**

i)  On or about July 22, 2005, Debtor, for valuable consideration, made, executed and delivered to Creditor a Promissory Note in the principal sum of $658,000.00 (the "Note"). Pursuant to the Note, Debtor is obligated to make monthly principal and interest payments. A copy of the Note

- 1 -

is attached hereto as **Exhibit A** and incorporated herein by reference.

    ii)    On or about July 22, 2005, Debtor made, executed and delivered to Creditor a Deed of Trust (the "Deed of Trust") granting Creditor a security interest in certain real property located at 1717 Southwest Highland, Portland, Oregon 97221 (hereinafter the "Subject Property"), which is more fully described in the Deed of Trust. The Deed of Trust was recorded on August 3, 2005, in the official records of the Multnomah County Recorder's office. A copy of the Deed of Trust is attached hereto as **Exhibit B** and incorporated herein by reference. Thereafter, Debtor defaulted with payments under the Note and is contractually due for March 2016.

    iii)    Subsequently, all right, title and interest under the Note and Deed of Trust was assigned to Creditor. A copy of the Corporation Assignment of Deed of Trust is attached hereto as **Exhibit C** and incorporated herein by reference.

    iv)    On or about September 25, 2018, Debtor filed a Chapter 13 bankruptcy petition. Debtor's Chapter 13 Plan provides for payments to the Trustee in the sum of $500.00 per month for (60) months. However, other than by hypothetical sale or refinance of the property in 2021, the Debtor's Chapter 13 Plan makes no provision for the cure of Creditor's pre-petition arrears.

    v)    A debtor who lacks sufficient regular income to fund a Chapter 13 Plan and who proposes, instead, to sell his or her residence using the proceeds of the sale to make a single payment to Creditors, is not eligible for Chapter 13 relief. In re Gavia, 24 B.R. 573 (9th Cir. BAP 1982).

    vi)    The pre-petition arrearage on Creditor's secured claim is in the sum of $142,009.70.

    vii)    Debtor will have to increase the payment through the Chapter 13 Plan to this Creditor by approximately $2,366.892 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed 60 months.

Creditor now objects to the Chapter 13 Plan filed herein by the Debtor.

**2)**

**ARGUMENT**

Application of the provisions of 11 United States Code section 1325 determines when a plan shall be confirmed by the Court. Based on the above sections, as more fully detailed below, this Plan cannot be confirmed as proposed.

**a)**    **SECTION 1322(b)(2)**

Bankruptcy Code Section 1322(b)(2) provides that the plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence . . . ." The issue is whether a plan that proposes the sale of the residence at an unspecified time, with no periodic payments made to the secured creditor pending sale, impermissibly modifies the rights of the secured creditor.

The Bankruptcy Appellate Panel has addressed this precise issue in two cases, In re Gavia, 24 BR 573 (9th Cir. BAP 1982) and In re Proudfoot, 144 BR 876 (9th Cir. BAP 1992). In both cases, the debtor proposed a Chapter 13 plan calling for a single payment to the secured creditor from the sale of the debtor's residence. The Panel held that, although a "Chapter 13 Plan may modify the rights of a creditor whose only security is the debtor's residence to the extent of curing a default within a reasonable time," withholding current installment payments created rather than cured a default. 24 BR at 575; 144 BR at 878. The creation of a default was a modification of the creditor's rights and thus precluded confirmation of the plan in each case.

Section 1322(b)(2) precludes confirmation of a plan that modifies the rights of certain creditors. A plan that creates a default modifies the rights of creditors.

Recognizing that delay of payments is a modification of the creditor's rights is consistent with the Supreme Court's view of "rights" that cannot be modified under section 1322(b)(2). The Court pointed out that a creditor's rights

> "are reflected in the relevant mortgage instruments, which are enforceable under [state] law. They include the right to repayment of the principal in monthly payments over a fixed term at specified adjustable rates of interest . . . "

Nobleman v. American Savings Bank, 508 US 324, 329 (1993). The Court noted that, although the Bankruptcy Code itself affects the creditor's contractual rights, particularly its power to enforce its rights, the statutory limits are independent of the Chapter 13 plan. 508 US at 330. The law prohibits the plan from affecting the secured creditor's rights, including the right to monthly payments as provided in the contract.

The BAP cases are directly on point, and their reasoning is persuasive. Because debtor's plan proposes to create a default by withholding periodic payments to the mortgage holder, it modifies the creditor's rights in violation of section 1322(b)(2) and cannot be confirmed.

**b) DOES NOT MEET FULL VALUE REQUIREMENT**
11 U.S.C. § 1325(a)(5)(B)(ii).

Amount of Arrearage Not Correct. The pre-petition arrears specified in the Chapter 13 Plan are $134,884.00. The actual pre-petition arrears equal $142,009.70. As a result, the Plan fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii).

**c) PROMPT CURE OF PRE-PETITION ARREARS**
11 U.S.C. § 1322(d).

Debtor will have to increase the payment through the Chapter 13 Plan to this Creditor by approximately $2,366.892 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed 60 months.

WHEREFORE, Creditor respectfully requests:

i) That confirmation of the Debtor's Chapter 13 Plan be denied;

ii) Alternatively, that the Plan be amended to reflect that the pre-petition arrears listed in Creditor's Proof of Claim be paid within a period not exceeding 60 months; and

iii) For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: October 29, 2018    ALDRIDGE PITE, LLP

_____
JESSE A.P. BAKER, OSB No. 100017
Attorneys for U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE FOR BEAR STEARNS ARM TRUST 2005-9, MORTGAGE-BACKED NOTES, SERIES 2005-9

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

CASE NO. 18-33339-tmb13

CERTIFICATE OF SERVICE BY MAIL

I, Ciara M. Reboya, am a resident of San Diego, California, and I am over the age of eighteen (18) years, and not a party to the within action. My business address is 4375 Jutland Drive, Suite 200; P.O. Box 17933, San Diego, CA 92177-0933.

I served the attached OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN by placing a true copy thereof in an envelope addressed to:

SEE ATTACHED SERVICE LIST

which envelope was then sealed and postage fully prepaid thereon, and thereafter on October 30, 2018, deposited in the United States Mail at San Diego, California. There is regular delivery service between the place of mailing and the place so addressed by the United States Mail.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: October 30, 2018                /s/ Ciara M. Reboya
                                        CIARA M. REBOYA

# SERVICE LIST

**DEBTOR(S)**

Edward J. Duffy
1717 SW Highland Road
Portland, OR 97221

**DEBTOR(S) ATTORNEY**

Michael D. O'Brien
Michael D. O'Brien & Associates, P.C.
12909 SW 68th Parkway, Suite 160
Portland, OR 97223
enc@pdxlegal.com

**CHAPTER 13 TRUSTEE**

Wayne Godare
222 SW Columbia St #1700
Portland, OR 97201
c0urtmai1@portland13.com

**U.S. TRUSTEE**

US Trustee, Portland
620 SW Main St #213
Portland, OR 97205
USTPRegion18.PL.ECF@usdoj.gov