RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

JEREMY N. HENDON, OSB #982490
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 353-2466
Facsimile: (202) 307-0054
Email: Jeremy.Hendon@usdoj.gov

BILLY J. WILLIAMS, OSB #90136
United States Attorney
District of Oregon
*Of Counsel*

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

Case No. 18-33339-tmb13

In re:

EDWARD J. DUFFY,

Debtor.

UNITED STATES' MOTION TO CONVERT CASE FROM CHAPTER 13 TO CHAPTER 7

The United States of America moves this Court to convert this chapter 13 bankruptcy case to one under chapter 7 because Debtor Edward J. Duffy ("Debtor")'s noncontingent, liquidated, unsecured debts exceed the amount allowed for in 11 U.S.C. § 109(e) for the Debtor to be a debtor under chapter 13 of the United States Bankruptcy Code ("Code"). Specifically, the Debtor's unsecured debt owed to the Internal Revenue Service ("IRS") far exceeds the amount of allowed unsecured debt as provided in § 109(e). Debtor, however, meets the qulifications of a debtor under chapter 7 of the Code and the Court should therefore convert this action to one under chapter 7. Pursuant to LBR 7007-1(a)(1) and 9013-1(a)(8), the undersigned

Page 1 –UNITED STATES' MOTION TO CONVERT
    *In re Duffy*, Case No. 18-33339-tmb13

counsel attempted to reach Debtor's counsel by telephone on November 5, 2018, to discuss this motion but was unable to reach him and left a message for a return call. At the time of filing this motion, the undersigned counsel had not heard back from Debtor's counsel. However, the undersigned counsel and Debtor's counsel spoke by telephone on October 25, 2018, and the topic of debt eligibility came up during that call. Debtor's counsel stated that he believed the disputed tax debt should not be counted against Debtor's chapter 13 eligibility.

## I. Facts

On January 19, 2016, the IRS issued a notice of deficiency to Debtor and his non-debtor spouse in the following amounts:

| Tax Year | Income Tax Deficiency | Accuracy-Relatd Penalty | |
|---|---|---|---|
| 2009 | $44,514.00 | $7,942.80 | |
| 2010 | $40,469.00 | $8,093.80 | |
| 2011 | $318,580.00 | $63,716.00 | |
| 2012 | $59,022.00 | $11,804.40 | |
| 2013 | $198,329.00 | $39,647.80 | |
| 2014 | $1,544.00 | $108.80 | |
| | | | |
| Total | $662,458.00 | $131,313.60 | $793,771.60 |

A true and correct copy of the Notice of Deficiency is attached as Exhibit 1. In response to the IRS's notice of deficiency, on April 14, 2016, Debtor and his non-debtor spouse filed a Petition for Redermination ("Petition") in the United States Tax Court. *See Edward J. Duffy & Shannon L. Duffy v. Commissioner*, Docket No. 8711-16. A true and correct copy of the docket sheet for the Tax Court case is attached as Exhibit 2. The IRS answered Debtor's Petition on June 3, 2016. *See id.* On July 11, 2018, the Tax Court issued an order setting trial for the Tax Court

case during its trial calendar setting in Portland, Oregon, scheduled to commence on December 10, 2018. *See id*.

On September 24, 2018, Debtor filed the instant chapter 13 petition. On October 9, 2018, the IRS filed a proof of claim in the instant case identifying its unsecured priority claim totaling $817,289.13. Of that amount, $662,558.00 represents tax due for tax years 2009-14 and 2017[1], and $154,731.13 represents interest due calcuated to the date of the Petition. The IRS's proof of claim also included an unsecured general claim totaling $131,313.60 representing the accuracy-related penalties for tax years 2009-14. On October 16, 2018, Debtor tardily filed his Summary of Assets and Liabilities. On Schedule E/F, Debtor identified an IRS tax claim totaling $936,000.00 as a priority unsecured claim. Debtor asserted that this claim is disputed (not contingent or unliquidated) and included the following note: "Disputed assessment currently pending in US Tax Court Case No. 8711-16."

## II. Legal Standard

Section 109(e) provides that to be a debtor under chapter 13 of the Code, an indidivual with regular income must owe, on the date of the filing of the petition, "noncontingent, liquidated, unsecured debts of less than $394,725." A claim is noncontingent if all events giving rise to the claimed liability occurred pre-petition. *Fostvedt v. Dow (In re Fostvedt)*, 823 F.2d 305, 306-07 (9th Cir. 1987).

---

[1] The amount attributable to the years covered by the notice of deficiency is $662,458.00. Debtor has not filed his U.S. Individual Income Tax Return (Form 1040) for tax year 2017 and the IRS estimated a liability for that year of $100. The IRS stated it will amend this amount after Debtor files this return or provides other required information. The proof of claim includes no interest due on this amount, however.

"[A] debt is liquidated for the purposes of calculating eligibility for relief under § 109(e) if the amount of the debt is readily determinable." *Slack v. Wilshire Ins. Co.* (*In re Slack*), 187 F.3d 1070, 1073-74 (9th Cir. 1999). "Whether the debt is subject to 'ready determination' will depend on whether the amount is easily calculable or whether an extensive hearing will be needed to determine the amount of the debt, or the liability of the debtor." *Id*. at 1074 (citing *Federal Deposit Ins. Corp. v. Wenberg* (*In re Wenberg*), 94 B.R. 631, 634 (9th Cir. BAP 1988), *aff'd*, 902 F.2d 768 (9th Cir. 1990)). "Therefore, the mere assertion by the debtor that he is not liable for the claim will not render the debt unliquidated for the purposes of calculating eligibility under § 109(e)." *Id*; *see also In re Sylvester*, 19 B.R. 671, 672-73 (9th Cir. BAP 1982).

"'[T]he concept of a liquidated debt relates to the amount of liability, not the existence of liability.'" *Id*. (quoting *United States v. Verdunn*, 89 F.3d 799, 802 (11th Cir. 1996)). "Even if a debtor disputes the existence of liability, if the amount of the debt is calculable with certainty, then it is liquidated for the purposes of § 109(e)". *Id*. at 1075 (citing *Mazzeo v. United States* (*In re Mazzeo),* 131 F.3d 295, 304 (2d Cir. 1997); *Verdunn*, 89 F.3d at 802; *In re Knight*, 55 F.3d 231, 235 (7th Cir. 1995)).

**III.    Analysis**

The notice of deficiency alleges that Debtor owes $793,771.60 in unsecured debt to the IRS.[2] Even though Debtor has included an additional $212,200.00 in nonpriority unsecured debt in his Schedule E/F, the amount due the IRS alone disqualifies Debtor from being a debtor under chapter 13 of the Code. Under applicable law, the tax debt owed to the IRS is noncontingent and liquidated despite Debtor disputing it in the Tax Court.

---

[2] The notice of deficiency does not include interest on the tax deficiency but the IRS's proof of claim does include interest up to the petition filing date. The interest is simply a product of math once the underlying tax is determined. *See* 26 U.S.C. § 6601.

Page 4 –UNITED STATES' MOTION TO CONVERT
    *In re Duffy*, Case No. 18-33339-tmb13

## A.     Debtor does not dispute that the tax debt is noncontingent

In Debtor's filed Schedule E/F, Debtor identified an IRS tax claim totaling $936,000.00 as a priority unsecured claim. Debtor did not check the box identifying this claim as contingent. Even if Debtor had tried to challenge the claim as contingent, he would have been wrong. All events giving rise to the IRS's claim (*i.e.* all of Debtor's tax activities covered by the IRS's notice of deficiency for tax years 2009-14) occurred long before Debtor filed the Petition. Thus, the tax claim is not contingent. *See In re Fostvedt*, 823 F.2d at 306-07.

## B.     Debtor's assertion that he disputes the tax debt does not preclude including that amount in determining eligibility under § 109(e)

Debtor did check the "Disputed" box in his filed Schedule E/F regarding the IRS's claim, however, and specifically noted that the IRS's claim, based on the notice of deficiency, is disputed in the currently pending Tax Court case. Even though Debtor did not check the "Unliquidated" box, the issue here is whether the IRS's claim is liquidated as simply disputing a claim does not remove the amount of the claim from § 109(e)'s eligibility calculation. *See In re Slack*, 187 F.3d at 1074. Because Debtor has indicated that he is disputing the IRS's claim in Tax Court, the issue turns on whether the claim, which is based on the notice of deficiency issued by the IRS and being challenged by Debtor in Tax Court, is liquidated.

Although the Ninth Circuit has not addressed the issue, the Eleventh Circuit and several district courts in the Ninth Circuit have found that a notice of deficiency issued by the IRS is sufficient to render a tax claim liquidated. *See Verdunn*, 89 F.3d at 802 (finding the claim liquidated because an IRS notice of deficiency explains and establishes the liability and that the amount was easily ascertainable because "it was computed through the application of fixed legal standards set forth in the tax code"); *In re Ahmed*, 362 B.R. 445, 448-51 (C.D. Cal. 2006)

(finding that tax claim based on jeopardy assessment and notices of deficiency was liquidated even though the debtor had challenged the claim in Tax Court and no decision had been rendered); *In re Madison*, 168 B.R. 986, 989 (D. Haw. 1994) (rejecting the debtor's argument that because the taxes and penalties that comprised the tax claim were subject to "protracted and extensive evidentiary hearings in his upcoming tax court case" the claim was unliquidated); *see also In re Lamar*, 111 B.R. 327, 329 (D. Nev. 1990) (rejecting the argument that a tax claim was unliquidated where the debtor disputed the claim and the claim was based on a penalty assessed by the IRS without first allowing the debtor judicial review).

The court should follow the Eleventh Circuit and other district courts in the Ninth Circuit and find that the IRS's claim is liquidated even though Debtor is contesting the notice of deficiency (which forms the basis of the claim) in Tax Court. The IRS issued the notice of deficiency pursuant to 26 U.S.C. § 6212(a) after examing the federal joint tax returns filed by Debtor and his non-debtor spouse for tax years 2009-14. IRS notices of deficiency are entitled to a presumption of correctness. *See Palmer v. United States*, 116 F.3d 1309, 1311-12 (9th Cir. 1997).

The notice of deficiency at issue here increases the amount of taxes due for each year as well as imposes an accuracy-related penalty pursuant to 26 U.S.C. § 6662(a) for each year. *See* Ex. 1, p. 1. The notice of deficiency provides a detailed calculation of the taxes and penalties due. *See id*. at 7-12, 21-54. Further, the notice of deficiency provides a detailed explanation as to the bases of the claim. *See id*. at 13-20. Thus, the notice of deficiency provides an easily calculable debt with supporting explanation.

Debtor cannot transform the tax debt to being unliquidated simply by arguing that he disputes the notice of deficiency or that he has defenses to liability. *See In re Slack*, 187 F.3d at

1074; *Sylvester*, 19 B.R. at 673; *see also In re Crescenzi*, 69 B.R. 64, 65 (S.D.N.Y. 1986) (following majority rule that the existence of potential defenses does not render a debt unliquidated). To the extent Debtor contends that the debt is not "readily determinable" because it involves a complicated area of law and that this court would have to expend a considerable amount of time and effort to determine the debt, Debtor would be wrong. Determinations regarding whether a debt is liquidated do not delve into determining the precise amount ultimately owed to the creditor. *See Wenberg*, 94 B.R. at 635.

In addition, to the extent Debtor argues that he is not liable for the entire tax debt because his non-debtor spouse is also liable for the same debt or that the IRS can collect the debt from his non-debtor spouse and therefore the entire tax debt should not be included in the debt eligibility calculation, Debtor is wrong. Because the Debtor and his non-debtor spouse filed joint tax returns for 2009-14, the years covered by the notice of deficiency, they are jointly and severally liable for the taxes and any associated penalties. *See* 26 U.S.C. § 6013(d)(3); *Hayman v. Commissioner*, 992 F.2d 1256, 1259 (2d Cir. 1993) ("Spouses who file joint returns are jointly and severally liable for the full amount of tax due on their combined incomes"). As such, Debtor is liable for the full amount of the tax debt notwithstandig that his non-debtor spouse also is liable.

This is similar to the debtor in *In re Fostvedt*. There, the debtor and three other parties were jointly and severally liable for two promissory notes. *In re Fostvedt*, 823 F.2d at 306. The debtor argued that the debt from the promissory notes was not liquidated within the meaning of § 109(e) in part because the amount he would ultimately pay on the notes depended on what portion his co-obligors paid. *Id.* The Ninth Circuit BAP rejected the debtor's argument because at the time the debtor filed his bankruptcy petition, the debtor was liable for the full amount of

the notes regardless of the possibility that his co-obligors would eventually pay some or all of that amount. *Id*.

Accordingly, the Court should find that the tax debt is liquidated. Based on that finding, Debtor's unsecured debt, just based on the tax debt, is in excess of the $394,725 maximum limit in § 109(e). Debtor is therefore disqualified from being a debtor under chapter 13.

**C.    The Court should convert this case to one under chapter 7**

Although the Debtor's failure to meet the debt eligibility rules in § 109(e) could result in the Court dismissing this case, the Court should not dismiss and instead should convert the case to one under chapter 7. Debtor has already once filed for bankruptcy in this Court in May 2017 and then voluntarily dismissed his petition in July 2017. *See In re Edward James Duffy*, Case No. 17-31966-dwh13. Based on this action, it is likely that should this Court dismiss the present case, Debtor would again file for bankruptcy and the Court and parties would all be back here again. Converting this case to one under chapter 7 would give Debtor the opportunity for a fresh start now and would also conserve the Court's and creditors' resources by adjudicating all claims in this pending action. Further, Debtor qualifies to be a debtor under chapter 7. Thus, it would be in the best interests for everyone involved if the case were converted to chapter 7.

///

///

///

///

///

///

///

Page 8 –UNITED STATES' MOTION TO CONVERT
*In re Duffy*, Case No. 18-33339-tmb13

**IV.    Conclusion**

For the foregoing reasons, the Court should find that Debtor's unsecured debts exceed the debt eligibility amount to be a chapter 13 debtor in § 109(e).  Instead of dismissing this case, however, the Court should convert it to one under chapter 7 as that is in the best interests of eveyone involved.

Dated this 6th day of November, 2018.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

s/ Jeremy N. Hendon
JEREMY N. HENDON, OSB #982490
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683

BILLY J. WILLIAMS, #90136
United States Attorney
District of Oregon
*Of Counsel*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **UNITED STATES' MOTION TO CONVERT CASE FROM CHAPTER 13 TO CHAPTER 7** was placed within a first class postage prepaid envelope and deposited in the United States Mail on November 6, 2018, addressed to:

Edward J. Duffy
1717 SW Highland Road
Portland OR 97221

*Debtor*

Michael D. O'Brien
Michael D. O'Brien & Associates, PC
12909 SW 68th Parkway, Suite 160
Portland OR 97223

*Attorneys for Debtor*

Wayne Godare
Chapter 13 Trustee
222 SW Columbia St #1700
Portland, OR 97201

*Chapter 13 Trustee*

US Trustee, Portland
620 SW Main St #213
Portland, OR 97205

*U.S. Trustee*

/s/ Jeremy N. Hendon
JEREMY N. HENDON
Trial Attorney
U.S. Department of Justice, Tax Division

Page 10 –UNITED STATES' MOTION TO CONVERT
*In re Duffy*, Case No. 18-33339-tmb13



**Department of the Treasury**
**Internal Revenue Service**
**Small Business & Self Employed Division**
915 Second Avenue
Mailstop W140
Seattle, WA 98174

Date: JAN 1 9 2016

Taxpayer ID number:

Form:
1040

Person to contact:
Notices Clerk

Edward J. & Shannon L. Duffy
1717 Southwest Highland Road
Portland OR 97221-2729

Contact telephone number:
206-946-3702
Contact fax number:
N/A
Employee ID number:
N/A

**Certified Mail**

Last day to file petition with US tax court:
APR 1 8 2016

| Tax Year Ended: | Deficiency: | Penalties or Additions to Tax: |
|---|---|---|
| | | IRC 6662(a) |
| December 31, 2009 | $44,514.00 | 7,942.80 |
| December 31, 2010 | $40,469.00 | 8,093.80 |
| December 31, 2011 | $318,580.00 | 63,716.00 |
| December 31, 2012 | $59,022.00 | 11,804.40 |
| December 31, 2013 | $198,329.00 | 39,647.80 |
| December 31, 2014 | $1,544.00 | 108.80 |

* This amount only reflects the addition to tax under IRC section 6651(a)(2) through the date of this notice. The addition to tax will continue to accrue from the due date of the return at a rate of one-half percent (0.5%) for each month, or fraction thereof, of nonpayment, not exceeding twenty-five percent (25.0%).

Dear Edward J. & Shannon L. Duffy:

**Why we are sending you this letter**
We determined that you owe additional tax or other amounts, or both, for the tax year or years identified above. This letter is your **Notice Of Deficiency**, as required by law. The enclosed Form 4549-A, *Income Tax Discrepancy Adjustments* or Form 5278, *Statement - Income Tax Changes*, shows how we figured the deficiency.

**If you wish to challenge this determination**
If you want to challenge this determination in court before making any payment, you have 90 days from the date of this letter (150 days if this letter is addressed to you outside of the United States) to file a petition with the United States Tax Court to reconsider the deficiency.

**Information you will need**
If you have recently sought bankruptcy relief by filing a petition in bankruptcy court, see enclosed Notice 1421, *How Bankruptcy Affects Your Right to File a Petition in Tax Court in Response to a Notice of Deficiency.*

Letter 531 (Rev. 10-2015)
Catalog Number 40223L

You can get a copy of the rules for filing a petition and a petition form by writing to the following address:

United States Tax Court
400 Second Street, NW
Washington, DC 20217

- The Tax Court has a simplified procedure for small tax cases when the dispute for each tax year is $50,000 or less.

- If you use this simplified procedure, you cannot challenge the Tax Court's decision. You can get information on the simplified procedure for small cases from the Tax Court by writing to the court at the address above or from the court's internet site at www.ustaxcourt.gov.

- If you file a petition for multiple tax years and the dispute for any one or more of the tax years exceeds $50,000, this simplified procedure is not available to you.

## The law regarding married couples

The law requires separate notices for husbands and wives. Both must sign and file the petition or each must file a separate, signed petition if this letter is addressed to both husband and wife, and both want to petition the Tax Court.

If only one spouse is in bankruptcy at the time this letter was issued or files a bankruptcy petition after the date of this letter, the bankruptcy automatic stay does not prohibit the spouse who is not in bankruptcy from filing a petition with Tax Court. The bankruptcy automatic stay of the spouse seeking bankruptcy relief does not extend the time for filing a petition in Tax Court for the spouse who is not in bankruptcy.

## How to file your petition form

Send the completed petition form, a copy of this letter, and copies of all statements and/or schedules you received with this letter to the Tax Court at the address above. If more than one tax year is shown above, you may file one petition form showing all of the years you are challenging.

You may represent yourself before the Tax Court, or you may be represented by anyone admitted to practice before the Tax Court.

## Time limits on filing a petition

The time you have to file a petition in the Tax Court is set by law.

1. The petition is considered timely filed if the postmark date falls within the prescribed 90 or 150 day period and the envelope containing the petition is properly addressed with the correct postage.

2. The Tax Court cannot consider your case if your Tax Court petition is filed late. IRS cannot grant an extension or allow a suspension of the prescribed deadline, even for reasonable cause. Thus, contacting the Internal Revenue Service (IRS) for more information, or receiving other correspondence from the IRS won't change the allowable period for filing a petition with the Tax Court.

## If you agree with the Notice of Deficiency

If you decide not to file a petition with the Tax Court, please sign the enclosed Form 4089-B, *Notice of Deficiency - Waiver*, and return it to us at the IRS address on the top of the first page of this letter. This will permit us to assess the deficiency quickly and can help limit the accumulation of interest.

## If we don't hear from you

If you decide not to sign and return Form 4089-B, and you do not file a petition with the Tax Court within the time limit, the law requires us to assess and bill you for the deficiency after 90 days from the date of this letter (150 days if this letter is addressed to you outside the United States).

Letter 531 (Rev. 10-2015)
Catalog Number 40223L

**Note:** If you are a C-corporation, section 6621(c) of the Internal Revenue Code requires that we charge an interest rate two percent higher than the normal rate on corporate underpayments in excess of $100,000.

## Information about the IRS Taxpayer Advocate Office

The IRS office whose phone number appears at the top of the notice can best address and access your tax information and help get you answers. You may be eligible for help from the Taxpayer Advocate Service (TAS) if you have tried to resolve your tax problem through normal IRS channels and have gotten nowhere, or you believe an IRS procedure just isn't working as it should. TAS is your voice at the IRS. TAS helps taxpayers whose problems are causing financial difficulty or significant cost, including the cost of professional representation (this includes businesses as well as individuals). You can reach TAS by calling the TAS toll-free number at 1-877-777-4778 or by contacting the local Taxpayer Advocate office at:

> 1220 SW 3rd Ave, Suite G044
> Mail Stop O-405
> Portland, OR 97204

To learn more about TAS and your basic tax responsibilities, visit www.TaxpayerAdvocate.irs.gov.

## How to contact us

You may write or call the contact person whose name, telephone number, and IRS address are shown in the heading of this letter if you need further assistance. If you write, please include your telephone number, the best times if we need to call you and a copy of this letter to help us identify your account.

If you prefer to call and the telephone number is outside your local calling area, there may be a long distance charge to you.

Keep the original letter for your records.

Sincerely,
*John A. Koskinen*
Commissioner
By

Heather J. Yocum  by DG

Heather J. Yocum
Technical Services Territory Manager

Enclosures:
Form 4549-A or Form 5278
Form 4089-B

**Letter 531 (Rev. 10-2015)**
Catalog Number 40223L

NAME: Edward J. & Shannon L. Duffy                TIN:

**Interest on Deficiencies – IRC §6601(a)**

Interest on deficiencies will accrue from the due date of the return until paid.

**Accuracy-Related Penalty – IRC §6662(a)**

You are liable for the accuracy-related penalty imposed under section 6662 of the Internal Revenue Code. You have not shown you had reasonable cause for the underpayment of tax or any exceptions to the penalty. The penalty is twenty percent (20%) of the portion of the underpayment of tax attributable to each component of this penalty. In addition, interest is computed on this penalty from the due date of the return (including any extensions).

Substantial Understatement of Income Tax
It is determined that all or a portion of the underpayment of tax is a substantial understatement of income tax, since the resulting understatement of tax exceeds the greater of ten percent (10%) of the tax required to be shown on the return or $5,000.

Negligence
In the alternative, it is determined that all or a portion of the underpayment of tax is due to negligence. Negligence is defined as a failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code or to exercise ordinary and reasonable care in the preparation of a tax return. It also includes a failure to keep proper books and records or to properly substantiate claimed items.

**Power of Attorney – Form 2848**

Receipt is acknowledged of Form 2848, Power of Attorney, naming a representative to act for you on tax matters relating to one or more of the years shown above. Since the Power of Attorney Form is incomplete, or does not extend to all of the years to which this notice pertains, the Power of Attorney submitted by you cannot be recognized for purposes of providing the representative with a copy of this notice. However, you may provide a copy of the notice to whomever you wish.

Form **4089-B**

(October 1999)

Department of the Treasury – Internal Revenue Service

# Notice of Deficiency-Waiver

Symbols

SE:S:E:TS:W:SEA:W140

Name and address of taxpayer(s)

Edward J. & Shannon L. Duffy
1717 Southwest Highland Road
Portland OR 97221-2729

Social Security or Employer Identification Number

Kind of tax

☐ Copy to authorized representative

Income

### DEFICIENCY — Increase in Tax and Penalties

| Tax Year Ended: | Deficiency: | Penalties or Additions to Tax: |
| --- | --- | --- |
| | | IRC 6662(a) |
| December 31, 2009 | $44,514.00 | 7,942.80 |
| December 31, 2010 | $40,469.00 | 8,093.80 |
| December 31, 2011 | $318,580.00 | 63,716.00 |
| December 31, 2012 | $59,022.00 | 11,804.40 |
| December 31, 2013 | $198,329.00 | 39,647.80 |
| December 31, 2014 | $1,544.00 | 108.80 |

\* *This amount only reflects the addition to tax under IRC section 6651(a)(2) through the date of this notice. The addition to tax will continue to accrue from the due date of the return at a rate of one-half percent (0.5%) for each month, or fraction thereof, of nonpayment, not exceeding twenty-five percent (25.0%).*

### See the attached explanation for the above deficiencies

I consent to the immediate assessment and collection of the deficiencies (increase in tax and penalties) shown above, plus any interest provided by law.

Your Signature ➤ ...................................................................................... (Date signed)

Spouse's Signature
(If A Joint Return
Was Filed) ➤ ...................................................................................... (Date signed)

Taxpayer's
Representative
Sign Here ➤ ...................................................................................... (Date signed)

Corporate Name ➤ ......................................................................................

Corporate Officers
**Sign Here** ➤ ..........................................................................................
  (Signature)      (Title)      (Date signed)

  ➤ ..........................................................................................
  (Signature)      (Title)      (Date signed)

If you agree, please sign one copy and return it; keep the other copy for your records.

Cat. No. 29000E          www.irs.gov          Form **4089-B** (10-1999)

## Instructions for Form 4089 B

**Note:**

If you consent to the assessment of the amounts shown in this waiver, please sign and return it in order to limit the accumulation of interest and expedite our bill to you. Your consent will not prevent you from filing a claim for refund (after you have paid the tax) if you later believe you are entitled to a refund. It will not prevent us from later determining, if necessary, that you owe additional tax; nor will it extend the time provided by law for either action.

If you later file a claim and the Internal Revenue Service disallows it, you may file suit for refund in a district court or in the United States Claims Court, but you may not file a petition with the United States Tax Court.

**Who Must Sign**

If this waiver is for any year(s) for which you filed a joint return, both you and your spouse must sign the original and duplicate of this form. Sign your name exactly as it appears on the return. If you are acting under power of attorney for your spouse, you may sign as agent for him or her.

For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.

For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.

For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign.

**Optional Paragraphs**

A check in the block to the left of a paragraph below indicates that the paragraph applies to your situation.

☐ The amount shown as the deficiency may not be billed, since all or part of the refund due has been held to offset all or a portion of the amount of the deficiency. The amount that will be billed, if any, is shown on the attached examination report.

☐ The amount shown as a deficiency may not be billed, since the refund due will be reduced by the amount of the deficiency. The net refund due is shown on the attached examination report.

Form **4549-A**
(Rev. March 2013)

Department of the Treasury-Internal Revenue Service
## Income Tax Examination Changes
(Unagreed and Excepted Agreed)

Page ___1___ of ___2___

| Name and Address of Taxpayer | Taxpayer Identification Number | | Return Form No.: |
|---|---|---|---|
| Edward J. & Shannon L. Duffy<br>1717 Southwest Highland Road<br>Portland OR 97221-2729 | | | 1040 |
| | Person with whom examination changes were discussed. | Name and Title: | |

| 1. Adjustments to Income | Period End 12/31/2009 | Period End 12/31/2010 | Period End |
|---|---|---|---|
| a. Rental Loss, Statutory Adjustment related to NOL | 25,000.00 | 13,972.00 | |
| b. Other Income, Restricted Interest Adjustment | 274,002.00 | 144,268.00 | |
| c. Itemized Deductions | 6,597.00 | 3,164.00 | |
| d. Exemptions | 1,606.00 | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| o. | | | |
| 2. Total Adjustments | 307,205.00 | 161,404.00 | |
| 3. Taxable Income Per Return or as Previously Adjusted | (157,941.00) | (18,687.00) | |
| 4. Corrected Taxable Income | 149,264.00 | 142,717.00 | |
| Tax Method | TAX RATE | TAX RATE | |
| Filing Status | Joint | Joint | |
| 5. Tax | 30,057.00 | 28,204.00 | |
| 6. Additional Taxes / Alternative Minimum | 9,657.00 | 7,465.00 | |
| 7. Corrected Tax Liability | 39,714.00 | 35,669.00 | |
| 8. Less    a. | | | |
| Credits   b. | | | |
|      c. | | | |
|      d. | | | |
| 9. Balance (Line 7 less total of Lines 8a thru 8d) | 39,714.00 | 35,669.00 | |
| 10. Plus   a. Tax on Qualified Plans | | 6,000.00 | |
| Other   b. | | | |
| Taxes   c. | | | |
|      d. | | | |
| 11. Total Corrected Tax Liability (Line 9 plus Lines 10a thru 10d) | 39,714.00 | 41,669.00 | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 0.00 | 6,000.00 | |
| 13. Adjustments to: a. See Attached | (800.00) | (800.00) | |
|      b. | | | |
|      c. Addnl Child Tax Credit | (4,000.00) | (4,000.00) | |
| 14. Deficiency-Increase in Tax or (Overassessment - Decrease in Tax) (Line 11 less Line 12 adjusted by Lines 13a through 13c) | 44,514.00 | 40,469.00 | |
| 15. Adjustments to Prepayment Credits-Increase (Decrease) | | | |
| 16. Balance Due or (Overpayment) - (Line 14 adjusted by Line 15) (Excluding interest and penalties) | 44,514.00 | 40,469.00 | |

In Re Duffy      Motion to Convert to Chapter 7      Exhibit 1 page 7 of 58
18-33339-tmb 13 Case 18-33339-tmb13    Doc 38    Filed 11/06/18

Department of the Treasury-Internal Revenue Service
## Income Tax Examination Changes
### (Unagreed and Excepted Agreed)

Page __2__ of __2__

| Name of Taxpayer | Taxpayer Identification Number | Return Form No.: |
|---|---|---|
| Edward J. & Shannon L. Duffy | | 1040 |

| 17. Penalties/ Code Sections | Period End 12/31/2009 | Period End 12/31/2010 | Period End |
|---|---|---|---|
| a. Accuracy-IRC 6662 | 7,942.80 | 8,093.80 | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| **18. Total Penalties** | 7,942.80 | 8,093.80 | |
| Underpayment attributable to negligence: (1981-1987) A tax addition of 50 percent of the interest due on the underpayment will accrue until it is paid or assessed. | | | |
| Underpayment attributable to fraud: (1981-1987) A tax addition of 50 percent of the interest due on the underpayment will accrue until it is paid or assessed. | | | |
| Underpayment attributable to Tax Motivated Transactions (TMT). Interest will accrue and be assessed at 120% of underpayment rate in accordance with IRC 6621(c). | 0.00 | 0.00 | |

**19. Summary of Taxes, Penalties and Interest:**

| | | | |
|---|---|---|---|
| a. Balance due or (Overpayment) Taxes - (Line 18, Page 1) | 44,514.00 | 40,469.00 | |
| b. Penalties (Line 18) - computed to 01/12/2016 | 7,942.80 | 8,093.80 | |
| c. Interest (IRC § 6601) - computed to 02/11/2016 | 0.00 | 0.00 | |
| d. TMT Interest - computed to 02/11/2016 (on TMT underpayment) | 0.00 | 0.00 | |
| e. Amount due or refund - (sum of Lines a, b, c and d) | 52,456.80 | 48,562.80 | |

**Other Information:**

This report supersedes all previously issued versions for the years shown above.

| Examiner's Signature: Name | Employee ID: | Office: | Date: |
|---|---|---|---|
| Technical Services | N/A | Seattle, WA | 01/12/2016 |

The Internal Revenue Service has agreements with state tax agencies under which information about federal tax, including increases or decreases, is exchanged with the states. If this change affects the amount of your state income tax, you should amend your state return by filing the necessary forms.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income you earned and do not pay the required tax. The IRS may order backup withholding (withholding of a percentage of your dividend and/or interest payments) if the tax remains unpaid after it has been assessed and four notices have been issued to you over a 120-day period.

| Catalog Number 23110T | www.irs.gov | Form 4549-A (Rev. 3-2013) |
|---|---|---|

Form **4549-A**
(Rev. March 2013)

Department of the Treasury-Internal Revenue Service

**Income Tax Examination Changes**
(Unagreed and Excepted Agreed)

Page \_\_1\_\_ of \_\_4\_\_

| Name and Address of Taxpayer | Taxpayer Identification Number | | Return Form No.: |
|---|---|---|---|
| Edward J. & Shannon L. Duffy<br>1717 Southwest Highland Road<br>Portland OR 97221-2729 | Person with whom examination changes were discussed. | Name and Title: | 1040 |

| 1. Adjustments to Income | Period End<br>12/31/2011 | Period End<br>12/31/2012 | Period End<br>12/31/2013 |
|---|---|---|---|
| a. Other Income - Debt Forgiven | 108,661.00 | | 391,532.00 |
| b. Sch E1 - Real Estate Loss After Passive Limitation | 199,875.00 | | |
| c. Sch C2 - Car and Truck Expenses | 1,680.00 | | |
| d. Sch C2 - Travel | 543.00 | | |
| e. Other Gains or Losses From Form 4797 | 971,988.00 | | |
| f. Itemized Deductions | 8,519.00 | 8,005.00 | 30,033.00 |
| g. Sch E - Inc/Loss - Partnership | | 261,741.00 | 338,565.00 |
| h. State Refunds, Credits, or Offsets | | 28,643.00 | |
| i. SE AGI Adjustment | | (9,181.00) | (9,971.00) |
| j. Exemptions | | | 23,400.00 |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| o. | | | |
| p. | | | |
| 2. Total Adjustments | 1,291,266.00 | 289,208.00 | 773,559.00 |
| 3. Taxable Income Per Return or as Previously Adjusted | (296,202.00) | (93,255.00) | (191,108.00) |
| 4. Corrected Taxable Income | 995,064.00 | 195,953.00 | 582,451.00 |
|     Tax Method | TAX RATE | SCHEDULE D | TAX RATE |
|     Filing Status | Joint | Joint | Joint |
| 5. Tax | 318,144.00 | 42,629.00 | 178,297.00 |
| 6. Additional Taxes / Alternative Minimum | | 140.00 | |
| 7. Corrected Tax Liability | 318,144.00 | 42,769.00 | 178,297.00 |
| 8. Less    a. | | | |
|    Credits   b. | | | |
|          c. | | | |
|          d. | | | |
| 9. Balance (Line 7 less total of Lines 8a thru 8d) | 318,144.00 | 42,769.00 | 178,297.00 |
| 10. Plus    a. Tax on Qualified Plans | 39,500.00 | 5,315.00 | |
|    Other   b. Self Employment Tax | | 16,163.00 | 19,942.00 |
|    Taxes   c. | | | |
|          d. | | | |
| 11. Total Corrected Tax Liability (Line 9 plus Lines 10a thru 10d) | 357,644.00 | 64,247.00 | 198,239.00 |
| 12. Total Tax Shown on Return or as Previously Adjusted | 39,500.00 | 5,315.00 | 0.00 |
| 13. Adjustments to: a. See Attached | | (90.00) | (90.00) |
|            b. | | | |
|            c. Addnl Child Tax Credit | (436.00) | | |
| 14. Deficiency-Increase in Tax or (Overassessment - Decrease in Tax)<br>(Line 11 less Line 12 adjusted by Lines 13a through 13c) | 318,580.00 | 59,022.00 | 198,329.00 |
| 15. Adjustments to Prepayment Credits-Increase (Decrease) | | | |
| 16. Balance Due or (Overpayment) - (Line 14 adjusted by Line 15)<br>(Excluding interest and penalties) | 318,580.00 | 59,022.00 | 198,329.00 |

In Re Duffy       Motion to Convert to Chapter 7       Exhibit 1 page 9 of 58
18-33339-tmb 13 Case 18-33339-tmb13    Doc 38    Filed 11/06/18

**Form 4549-A**
(Rev. March 2013)

Department of the Treasury-Internal Revenue Service
## Income Tax Examination Changes
### (Unagreed and Excepted Agreed)

Page 2 of 4

| Name of Taxpayer<br>Edward J. & Shannon L. Duffy | | Taxpayer Identification Number | | Return Form No.:<br>1040 |
|---|---|---|---|---|
| **17. Penalties/ Code Sections** | | Period End<br>12/31/2011 | Period End<br>12/31/2012 | Period End<br>12/31/2013 |
| a. Accuracy-IRC 6662 | | 63,716.00 | 11,804.40 | 39,647.80 |
| b. | | | | |
| c. | | | | |
| d. | | | | |
| e. | | | | |
| f. | | | | |
| g. | | | | |
| h. | | | | |
| i. | | | | |
| j. | | | | |
| k. | | | | |
| l. | | | | |
| m. | | | | |
| n. | | | | |
| **18. Total Penalties** | | 63,716.00 | 11,804.40 | 39,647.80 |
| Underpayment attributable to negligence: *(1981-1987)*<br>*A tax addition of 50 percent of the interest due on the*<br>*underpayment will accrue until it is paid or assessed.* | | | | |
| Underpayment attributable to fraud: *(1981-1987)*<br>*A tax addition of 50 percent of the interest due on the*<br>*underpayment will accrue until it is paid or assessed.* | | | | |
| Underpayment attributable to Tax Motivated Transactions *(TMT)*.<br>Interest will accrue and be assessed at 120% of underpayment<br>rate in accordance with IRC 6621(c). | | 0.00 | 0.00 | 0.00 |
| **19. Summary of Taxes, Penalties and Interest:** | | | | |
| a. Balance due or *(Overpayment)* Taxes - *(Line 16, Page 1)* | | 318,580.00 | 59,022.00 | 198,329.00 |
| b. Penalties *(Line 18)* - computed to 01/13/2016 | | 63,716.00 | 11,804.40 | 39,647.80 |
| c. Interest *(IRC § 6601)* - computed to 02/12/2016 | | 0.00 | 0.00 | 0.00 |
| d. TMT Interest - computed to 02/12/2016 *(on TMT underpayment)* | | 0.00 | 0.00 | 0.00 |
| e. Amount due or refund - *(sum of Lines a, b, c and d)* | | 382,296.00 | 70,826.40 | 237,976.80 |

Other information:
This report supersedes all previously issued versions for the years shown above.

| Examiner's Signature:<br>Name<br>Technical Services | Employee ID:<br>N/A | Office:<br>Seattle, WA | Date:<br>01/13/2016 |
|---|---|---|---|

The Internal Revenue Service has agreements with state tax agencies under which information about federal tax, including increases or decreases, is exchanged with the states. If this change affects the amount of your state income tax, you should amend your state return by filing the necessary forms.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income you earned and do not pay the required tax. The IRS may order backup withholding *(withholding of a percentage of your dividend and/or interest payments)* if the tax remains unpaid after it has been assessed and four notices have been issued to you over a 120-day period.

Catalog Number 23110T | www.irs.gov | Form 4549-A (Rev. 3-2013)

Form **4549-A**
(Rev. March 2013)

Department of the Treasury-Internal Revenue Service
### Income Tax Examination Changes
(Unagreed and Excepted Agreed)

Page _3_ of _4_

| Name and Address of Taxpayer | | Taxpayer Identification Number | Return Form No.: 1040 |
|---|---|---|---|

Edward J. & Shannon L. Duffy
1717 Southwest Highland Road
Portland  OR  97221-2729

| | | Period End 12/31/2014 | Period End | Period End |
|---|---|---|---|---|
| Person with whom examination changes were discussed. | | | Name and Title: | |
| **1. Adjustments to Income** | | | | |
| a. Sch E - Inc/Loss - Partnership | | 139,335.00 | | |
| b. SE AGI Adjustment | | (1,772.00) | | |
| c. Itemized Deductions | | 164.00 | | |
| d. | | | | |
| e. | | | | |
| f. | | | | |
| g. | | | | |
| h. | | | | |
| i. | | | | |
| j. | | | | |
| k. | | | | |
| l. | | | | |
| m. | | | | |
| n. | | | | |
| o. | | | | |
| p. | | | | |
| **2. Total Adjustments** | | 137,727.00 | | |
| **3. Taxable Income Per Return or as Previously Adjusted** | | (183,857.00) | | |
| **4. Corrected Taxable Income** | | (46,130.00) | | |
| Tax Method | | TAX TABLE | | |
| Filing Status | | Joint | | |
| **5. Tax** | | 0.00 | | |
| **6. Additional Taxes / Alternative Minimum** | | | | |
| **7. Corrected Tax Liability** | | 0.00 | | |
| **8. Less** a. | | | | |
| **Credits** b. | | | | |
| c. | | | | |
| d. | | | | |
| **9. Balance** *(Line 7 less total of Lines 8a thru 8d)* | | 0.00 | | |
| **10. Plus** a. Self Employment Tax | | 3,544.00 | | |
| **Other** b. | | | | |
| **Taxes** c. | | | | |
| d. | | | | |
| **11. Total Corrected Tax Liability** *(Line 9 plus Lines 10a thru 10d)* | | 3,544.00 | | |
| **12. Total Tax Shown on Return or as Previously Adjusted** | | 0.00 | | |
| **13. Adjustments to:** a. | | | | |
| b. | | | | |
| c. Addnl Child Tax Credit | | 2,000.00 | | |
| **14. Deficiency-Increase in Tax or** *(Overassessment - Decrease in Tax)* *(Line 11 less Line 12 adjusted by Lines 13a through 13c)* | | 1,544.00 | | |
| **15. Adjustments to Prepayment Credits-Increase** *(Decrease)* | | | | |
| **16. Balance Due or (Overpayment) - (Line 14 adjusted by Line 15)** *(Excluding interest and penalties)* | | 1,544.00 | | |

In Re Duffy  Motion to Convert to Chapter 7  Exhibit 1 page 11 of 58
18-33339-tmb 13  Case 18-33339-tmb13  Doc 38  Filed 11/06/18

| Name of Taxpayer<br>Edward J. & Shannon L. Duffy | Taxpayer Identification Number | Return Form No.:<br>1040 |
|---|---|---|

| 17. Penalties/ Code Sections | Period End<br>12/31/2014 | Period End | Period End |
|---|---|---|---|
| a. Accuracy-IRC 6662 | 108.80 | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| **18. Total Penalties** | 108.80 | | |
| Underpayment attributable to negligence: *(1981-1987)*<br>*A tax addition of 50 percent of the interest due on the*<br>*underpayment will accrue until it is paid or assessed.* | | | |
| Underpayment attributable to fraud: *(1981-1987)*<br>*A tax addition of 50 percent of the interest due on the*<br>*underpayment will accrue until it is paid or assessed.* | | | |
| Underpayment attributable to Tax Motivated Transactions *(TMT).*<br>Interest will accrue and be assessed at 120% of underpayment<br>rate in accordance with IRC 6621(c). | 0.00 | | |
| **19. Summary of Taxes, Penalties and Interest:** | | | |
| a. Balance due or *(Overpayment)* Taxes - *(Line 16, Page 1)* | 1,544.00 | | |
| b. Penalties *(Line 18)* - computed to 01/13/2016 | 108.80 | | |
| c. Interest *(IRC § 6601)* - computed to 02/12/2016 | 0.00 | | |
| d. TMT Interest - computed to 02/12/2016 *(on TMT underpayment)* | 0.00 | | |
| e. Amount due or refund - *(sum of Lines a, b, c and d)* | 1,652.80 | | |

**Other Information:**

This report supersedes all previously issued versions for the years shown above.

| Examiner's Signature:<br>Name<br>Technical Services | Employee ID:<br><br>N/A | Office:<br><br>Seattle, WA | Date:<br><br>01/13/2016 |
|---|---|---|---|

The Internal Revenue Service has agreements with state tax agencies under which information about federal tax, including increases or decreases, is exchanged with the states. If this change affects the amount of your state income tax, you should amend your state return by filing the necessary forms.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income you earned and do not pay the required tax. The IRS may order backup withholding *(withholding (withholding of a percentage of your dividend and/or interest payments))* if the tax remains unpaid after it has been assessed and four notices have been issued to you over a 120-day period.

| Catalog Number 23110T | www.irs.gov | Form 4549-A (Rev. 3-2013) |
|---|---|---|

## 1.a. Rental Loss, Statutory Adjustment related to NOL

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2009 | ($25,000.00) | $0.00 | $25,000.00 |
| 2010 | ($13,972.00) | $0.00 | $13,972.00 |

This is a statutory adjustment; since the net operating loss was disallowed or decreased, modified adjusted gross income was increased causing the special allowance for rental real estate loss to be disallowed in the amount shown.

## 1.b. Other Income, Restricted Interest Adjustment

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2009 | ($274,002.00) | $0.00 | $274,002.00 |
| 2010 | ($144,268.00) | $0.00 | $144,268.00 |

Since the net operating loss on which this carryback/carryover is based was disallowed or decreased, the carryback/carryover was disallowed in the amount shown.

## 1.c. Itemized Deductions

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2009 | $112,558.00 | $105,961.00 | $6,597.00 |
| 2010 | $104,871.00 | $101,707.00 | $3,164.00 |

Certain expenses deducted as miscellaneous itemized deductions are only deductible to the extent that they exceed a percentage of your adjusted gross income. Since we have made other changes in this report which affect your adjusted gross income, we have also adjusted these expenses.

## 1.d. Exemptions

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2009 | $21,900.00 | $20,294.00 | $1,606.00 |

The amount you can claim for your exemptions is reduced if your income is more than the dollar limit for your filing status. Your income is more than that limit, so we reduced the amount you can claim. We have attached a Personal Exemption Worksheet to show you how we figured the change.

## 6. Alt Min Tax

| Tax Period | Per Return | Per Exam | Adjustment |
| --- | --- | --- | --- |
| 2009 | $0.00 | $9,657.00 | $9,657.00 |
| 2010 | $0.00 | $7,465.00 | $7,465.00 |

You have an alternative minimum tax liability only if your tentative minimum tax exceeds your regular tax liability. Tentative minimum tax is computed by first calculating your alternative minimum taxable income, which equals your regular taxable income increased by any tax preference items for the taxable year, and increased or decreased by adjustment items for the taxable year. Alternative minimum taxable income is then reduced by an exemption amount determined by filing status, which is subject to phase-out depending on the amount of your alternative minimum taxable income. The Married Filing Joint exemption amount for tax year 2009 is $70,950, and for tax year 2010 is $72,450.

For taxable years after 1992, the remaining amount is subject to a 26 percent tax rate on the first $175,000 and 28 percent tax rate on any amount in excess of $175,000. A tentative minimum tax is then computed by reducing the amount determined in the preceding sentence by any allowable foreign tax credit. The alternative minimum tax liability is the amount by which tentative minimum tax exceeds regular tax liability.

## 13.a. Making Work Pay Credit

| Tax Period | Per Return | Per Exam | Adjustment |
| --- | --- | --- | --- |
| 2009 | $800.00 | $0.00 | ($800.00) |
| 2010 | $800.00 | $0.00 | ($800.00) |

The amount you can claim for the Making Work Pay credit is reduced if your adjusted gross income (AGI) is more than the dollar limit for your filing status. After adjusting for other changes in this report, your AGI is more than that limit, so we reduced the amount you can claim. See also attached computation schedules.

## 13.c. Additional Child Tax Credit

| Tax Period | Per Return | Per Exam | Adjustment |
| --- | --- | --- | --- |
| 2009 | $4,000.00 | $0.00 | ($4,000.00) |
| 2010 | $4,000.00 | $0.00 | ($4,000.00) |

Because we changed your adjusted gross income and tax liability, we have also adjusted your additional child tax credit accordingly. See attached computation schedules.

Form **886-A** (1-1994)                         Department of the Treasury - Internal Revenue Service

### 17.a. Accuracy-Related Penalty - IRC §6662(a)

| Tax Period | Per Exam | Adjustment |
|---|---|---|
| 2009 | $7,942.80 | $7,942.80 |
| 2010 | $8,093.80 | $8,093.80 |

You are liable for the accuracy-related penalty imposed under section 6662 of the Internal Revenue Code. You have not shown you had reasonable cause for the underpayment of tax or any exceptions to the penalty. The penalty is twenty percent (20%) of the portion of the underpayment of tax attributable to each component of this penalty. In addition, interest is computed on this penalty from the due date of the return (including any extensions).

<u>Substantial Understatement of Income Tax</u>
It is determined that all or a portion of the underpayment of tax is a substantial understatement of income tax, since the resulting understatement of tax exceeds the greater of ten percent (10%) of the tax required to be shown on the return or $5,000.

<u>Negligence</u>
In the alternative, it is determined that all or a portion of the underpayment of tax is due to negligence. Negligence is defined as a failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code or to exercise ordinary and reasonable care in the preparation of a tax return. It also includes a failure to keep proper books and records or to properly substantiate claimed items.

Form **886-A** (1-1994)  Department of the Treasury - Internal Revenue Service

In Re Duffy  Motion to Convert to Chapter 7  Exhibit 1 page 15 of 58
18-33339-tmb 13 Case 18-33339-tmb13  Doc 38  Filed 11/06/18

## 1.a. Other Income - Debt Forgiven

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2011 | $626,046.00 | $734,707.00 | $108,661.00 |
| 2013 | $1,000.00 | $392,532.00 | $391,532.00 |

The amount of your debt which was cancelled or forgiven is includible in income. The above adjustment to tax year 2011 includes the amount of accrued unpaid interest, which was also forgiven. The above adjustment to tax year 2013 was reported by Wells Fargo Bank N.A. on Form 1099-C.

You did not qualify to exclude the cancellation of debt income under the exceptions of IRC Section 108(a), which includes the insolvency exception and the principal residence exception. Thus, the above amounts for tax years 2011 and 2013 are includible as cancellation of debt income.

## 1.b. Sch E1 - Real Estate Loss After Passive Limitation

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2011 | ($199,875.00) | $0.00 | $199,875.00 |

Since we determined that the property located at 202 3rd Street in Gearhart, OR is a personal residence, suspended passive losses are not allowed on the disposition of the property.

## 1.c. Sch C2 - Car and Truck Expenses

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2011 | $4,380.00 | $2,700.00 | $1,680.00 |

Since you did not establish that the full amount of the business expense shown on your tax return was paid or incurred during the taxable year and that the expense was ordinary and necessary to your business, we have disallowed the amount shown. We have adjusted the expense to the amount verified based on the information provided by you. We figured your allowable deduction for business use of your automobile at the standard business mileage rate.

## 1.d. Sch C2 - Travel

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2011 | $6,365.00 | $5,822.00 | $543.00 |

Since you did not establish that the full amount of the business expense shown on your tax return was paid or incurred during the taxable year and that the expense was ordinary and necessary to your business, we have disallowed the amount shown. We have adjusted the expense to the amount verified based on the information provided by you.

**1.e. Other Gains or Losses From Form 4797**

| | Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|---|
| | 2011 | ($971,988.00) | $0.00 | $971,988.00 |

Since we determined that the property located at 202 3rd Street in Gearhart, OR is a personal residence, there is no loss allowed on the disposition of the property.

Alternatively, based on the documentation you provided, the basis amount of the property, and the resulting loss, has been recomputed. The $971,988 reported loss should be reduced to a loss of $663,349.

**1.f. Itemized Deductions - Total**

| | Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|---|
| | 2011 | $61,433.00 | $52,914.00 | $8,519.00 |
| | 2012 | $33,525.00 | $25,520.00 | $8,005.00 |
| | 2013 | $48,323.00 | $18,290.00 | $30,033.00 |
| | 2014 | $45,066.00 | $44,902.00 | $164.00 |

Only the amount of medical expenses that exceeds a certain percentage of your adjusted gross income is deductible. Since your adjusted gross income has been changed, we have adjusted your medical expense deduction as shown in the accompanying computation.

Certain expenses deducted as miscellaneous itemized deductions are only deductible to the extent that they exceed a percentage of your adjusted gross income. Since we have made other changes in this report which affect your adjusted gross income, we have also adjusted these expenses.

**1.f. Itemized Deductions -- Real Estate Taxes**

| | Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|---|
| | 2011 | $4,330.00 | $2,756.00 | $1,574.00 |

Since $1,574 of the 2011 real estate taxes that you paid for the 202 3rd Street property located in Gearhart, OR are allocated to the buyer of the property, the above adjustment is required. The amount was reported by Ticor Title Co of OR-Tillamook Manzanita on Form 1099-S.

## 1.g. Sch E - Inc/Loss - Partnership

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2012 | ($85,777.00) | $175,964.00 | $261,741.00 |
| 2013 | ($120,383.00) | $218,182.00 | $338,565.00 |
| 2014 | ($114,253.00) | $25,082.00 | $139,335.00 |

Since you did not establish that you had sufficient partnership basis to claim the reported Impact Medical LLC losses, the losses have been disallowed. The above per exam amounts are the guaranteed payments reported on your Schedules K-1. The UPE amounts are disallowed as you did not establish that the partnership agreement requires the partners to pay partnership expenses.

Alternatively, if it is established that you meet the insolvency exception under IRC Section 108(a), the excluded cancellation of debt income would reduce your tax attributes in 2011 and 2013. The reduction of tax attributes includes reducing the basis of your property (including your partnership interest) under IRC Section 108(b)(2)(E).

## 1.h. State Refunds, Credits, or Offsets

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2012 | $0.00 | $28,643.00 | $28,643.00 |

We have adjusted your income to include the amount shown on Form 1099-G, as reported by Oregon Department of Revenue. A refund of any part of your state income tax that you deducted in prior years, and which reduced your federal income tax in those years, is includible in income in the year you received the refund.

## 1.i. SE AGI Adjustment

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2012 | $0.00 | $9,181.00 | ($9,181.00) |
| 2013 | $0.00 | $9,971.00 | ($9,971.00) |
| 2014 | $0.00 | $1,772.00 | ($1,772.00) |

Your self-employment tax for the 2012 tax year has changed as a result of adjustments made to your net earnings from self-employment as shown in this report. The self-employment tax deduction has been adjusted based on the recomputed amount of tax as follows:

If the recomputed self-employment tax is $14,643.30 or less, the deduction is 57.51% of the recomputed self-employment tax. If the recomputed self-employment tax is more than $14,643.30, the deduction is 50% of the recomputed self-employment tax plus $1,100.00.

Your self-employment tax has changed as a result of adjustments made to your net earnings from self-employment as shown in this report. The self-employment tax deduction has been adjusted to one-half of the recomputed amount.

| Form **886-A** (Rev. January 1994)886-A | **EXPLANATION OF ITEMS** | Schedule number or exhibit 4 |
|---|---|---|
| Name of Taxpayer Edward J. & Shannon L. Duffy | Taxpayer Identification Number | Year/Period Ended 2011 2012 2013 2014 |

## 1.j. Exemptions

| | Tax Period 2013 | Per Return $23,400.00 | Per Exam $0.00 | Adjustment $23,400.00 |
|---|---|---|---|---|

The amount you can claim for your exemptions is reduced if your income is more than the dollar limit for your filing status. Your income is more than that limit, so we reduced the amount you can claim. We have attached a Personal Exemption Worksheet to show you how we figured the change.

## 6. Alt Min Tax

| | Tax Period 2012 | Per Return $0.00 | Per Exam $140.00 | Adjustment $140.00 |
|---|---|---|---|---|

You have an alternative minimum tax liability only if your tentative minimum tax exceeds your regular tax liability. Tentative minimum tax is computed by first calculating your alternative minimum taxable income, which equals your regular taxable income increased by any tax preference items for the taxable year, and increased or decreased by adjustment items for the taxable year. Alternative minimum taxable income is then reduced by an exemption amount determined by filing status, which is subject to phase-out depending on the amount of your alternative minimum taxable income. The Married Filing Joint exemption amount for tax year 2012 is $78,750.

For taxable years after 1992, the remaining amount is subject to a 26 percent tax rate on the first $175,000 and 28 percent tax rate on any amount in excess of $175,000. A tentative minimum tax is then computed by reducing the amount determined in the preceding sentence by any allowable foreign tax credit. The alternative minimum tax liability is the amount by which tentative minimum tax exceeds regular tax liability.

## 10.b. Self Employment Tax

| | Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|---|
| | 2012 | $0.00 | $16,163.00 | $16,163.00 |
| | 2013 | $0.00 | $19,942.00 | $19,942.00 |
| | 2014 | $0.00 | $3,544.00 | $3,544.00 |

We have adjusted your self-employment tax due to a change in your net earnings from self-employment.

Form **886-A** (1-1994)          Department of the Treasury - Internal Revenue Service

In Re Duffy      Motion to Convert to Chapter 7      Exhibit 1 page 19 of 58
18-33339-tmb 13 Case 18-33339-tmb13     Doc 38     Filed 11/06/18

### 13.a. American Opportunity Education Credit

| Tax Period | Per Return | Per Exam | Adjustment |
| --- | --- | --- | --- |
| 2012 | $90.00 | $0.00 | ($90.00) |
| 2013 | $90.00 | $0.00 | ($90.00) |

The amount you can claim for the American opportunity education credit is reduced if your income is more than the dollar limit for your filing status. Your income is more than that limit, so we reduced the amount you can claim. See also attached computation schedules.

### 13.c. Additional Child Tax Credit

| Tax Period | Per Return | Per Exam | Adjustment |
| --- | --- | --- | --- |
| 2011 | $436.00 | $0.00 | ($436.00) |
| 2014 | $0.00 | $2,000.00 | $2,000.00 |

Because we changed your adjusted gross income and tax liability, we have also adjusted your additional child tax credit accordingly. See attached computation schedules.

### 17.a. Accuracy-Related Penalty - IRC §6662(a)

| Tax Period | Per Exam | Adjustment |
| --- | --- | --- |
| 2011 | $63,716.00 | $63,716.00 |
| 2012 | $11,804.40 | $11,804.40 |
| 2013 | $39,647.80 | $39,647.80 |
| 2014 | $108.80 | $108.80 |

You are liable for the accuracy-related penalty imposed under section 6662 of the Internal Revenue Code. You have not shown you had reasonable cause for the underpayment of tax or any exceptions to the penalty. The penalty is twenty percent (20%) of the portion of the underpayment of tax attributable to each component of this penalty. In addition, interest is computed on this penalty from the due date of the return (including any extensions).

Substantial Understatement of Income Tax
It is determined that all or a portion of the underpayment of tax is a substantial understatement of income tax, since the resulting understatement of tax exceeds the greater of ten percent (10%) of the tax required to be shown on the return or $5,000.

Negligence
In the alternative, it is determined that all or a portion of the underpayment of tax is due to negligence. Negligence is defined as a failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code or to exercise ordinary and reasonable care in the preparation of a tax return. It also includes a failure to keep proper books and records or to properly substantiate claimed items.

## 2009 - SCHEDULE A - ITEMIZED DEDUCTIONS

| | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| 1. Medical, dental and insurance premiums | 0.00 | 0.00 | 0.00 |
| 2. 7.5% of adjusted gross income | 0.00 | 20,663.93 | |
| 3. Net medical and dental expenses | 0.00 | 0.00 | 0.00 |
| 4. Taxes | 25,127.00 | 25,127.00 | 0.00 |
| 5. Home interest expense | 60,508.00 | 60,508.00 | 0.00 |
| 6. Qualified mortgage insurance premiums | 0.00 | 0.00 | 0.00 |
| 7. Investment interest | 14.00 | 14.00 | 0.00 |
| 8. Other interest expense | 0.00 | 0.00 | 0.00 |
| 9. Total interest expense | 60,522.00 | 60,522.00 | 0.00 |
| 10. Contributions | 6,040.00 | 6,040.00 | 0.00 |
| 11. Casualty and theft losses | 0.00 | 0.00 | 0.00 |
| 12. Miscellaneous deductions | 20,869.00 | 20,869.00 | 0.00 |
| 13. 2% of adjusted gross income | 0.00 | 5,510.00 | |
| 14. Excess miscellaneous deductions | 20,869.00 | 15,359.00 | 5,510.00 |
| 15. Other miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 16. Total itemized deductions (Sum of lines 3, 4, 9, 10, 11, 14, and 15 less any applicable limitation) | 112,558.00 | 105,961.00 | 6,597.00 |

### ITEMIZED DEDUCTIONS WORKSHEET - PER EXAM

| | |
|---|---|
| A. Total of lines 3, 4, 9, 10, 11, 14, and 15 | 107,048.00 |
| B. Total of lines 3, 7, 11, (plus any gambling losses included on line 15) | 14.00 |
| C. Line A less line B | 107,034.00 |
| D. Multiply the amount on line C by 80% | 85,627.00 |
| E. Adjusted gross income | 275,519.00 |
| F. Itemized deduction limitation | 166,800.00 |
| G. Line E less line F | 108,719.00 |
| H. Multiply the amount on line G by 3% | 3,262.00 |
| I. Enter the smaller of line D or line H | 3,262.00 |
| J. Divide line I by 1.5 | 2,174.67 |
| K. Subtract line J from line I | 1,087.33 |
| L. Total itemized deductions (entered on line 16 above) | 105,961.00 |

## 2010 - SCHEDULE A - ITEMIZED DEDUCTIONS

|  | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| 1. Medical, dental and insurance premiums | 4,687.00 | 4,687.00 | 0.00 |
| 2. 7.5% of adjusted gross income | 8,106.00 | 19,974.30 |  |
| 3. Net medical and dental expenses | 0.00 | 0.00 | 0.00 |
| 4. Taxes | 21,399.00 | 21,399.00 | 0.00 |
| 5. Home interest expense | 60,415.00 | 60,415.00 | 0.00 |
| 6. Qualified mortgage insurance premiums | 0.00 | 0.00 | 0.00 |
| 7. Investment interest | 0.00 | 0.00 | 0.00 |
| 8. Other interest expense | 0.00 | 0.00 | 0.00 |
| 9. Total interest expense | 60,415.00 | 60,415.00 | 0.00 |
| 10. Contributions | 8,197.00 | 8,197.00 | 0.00 |
| 11. Casualty and theft losses | 0.00 | 0.00 | 0.00 |
| 12. Miscellaneous deductions | 17,022.00 | 17,022.00 | 0.00 |
| 13. 2% of adjusted gross income | 2,162.00 | 5,326.00 |  |
| 14. Excess miscellaneous deductions | 14,860.00 | 11,696.00 | 3,164.00 |
| 15. Other miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 16. Total itemized deductions (Sum of lines 3, 4, 9, 10, 11, 14, and 15) | 104,871.00 | 101,707.00 | 3,164.00 |

| Name of Taxpayer: | Edward J. & Shannon L. Duffy | | 01/12/2016 |
| Identification Number: | | Total | 16.20.00 |

## 2009 - PERSONAL EXEMPTION WORKSHEET

| | |
|---|---|
| 1. Maximum additional exemption amount | 2,000.00 |
| 2. Amount from prior year's Form 8914, line 2 | |
| 3. Subtract line 2 from line 1 | |
| 4. Multiply $500 by the total number of displaced individuals listed in Part I of Form 8914 | 0.00 |
| (Maximum amount is $2,000; $1,000 if married filing separately) | |
| 5. Smaller of line 3 or line 4 | |
| 6. Multiply $ 3,650.00 by the total number of exemptions claimed | 21,900.00 |
| 7. Add lines 5 and 6 | |
| 8. Adjusted gross income | 275,519.00 |
| 9. Limitation based on filing status | 250,200.00 |
| NOTE: If line 8 is not greater than line 9, STOP; | |
| enter amount from line 7 on line 17 below | |
| 10. Subtract line 9 from line 8 | 25,319.00 |
| 11. If line 10 is more than $122,500 ($61,250 if married filing separately), | 0.00 |
| multiply $ 2,433.00 by the total number of exemptions claimed; | |
| otherwise, skip line 12 and go to line 13 | |
| 12. Add lines 5 and 11 and enter the amount on line 17 below; | 0.00 |
| do not complete the rest of the worksheet | |
| 13. Divide line 10 by $2,500 ($1,250 if married filing separately) | 11.00 |
| (If result is not a whole number, increase to next whole number) | |
| 14. Multiply line 13 by 2% and enter the result as a decimal rounded to at least three places | 0.22 |
| 15. Multiply line 6 by line 14 | 4,818.00 |
| 16. Divide line 15 by 3.0 | 1,606.00 |
| 17. Deduction for exemptions | 20,294.00 |
| (subtract line 16 from line 7; or the amount from line 9 or line 12 above) | |

## 2009 - Form 6251 - Alternative Minimum Tax Computation

1. If filing Schedule A, enter taxable income before exemptions;
   otherwise, enter adjusted gross income ............................................ 169,558.00
2. Total adjustment and preferences (excluding any NOL deduction) ............... 39,399.00
3. Net operating loss deduction .................................................. 274,002.00
4. Alternative tax net operating loss deduction .................................. (274,002.00)
5. Alternative minimum taxable income (combine lines 1 thru 4) ................... 208,957.00
6. Exemption amount ............................................................. 56,211.00
7. Subtract line 6 from line 5 (if zero or less, enter zero) .................... 152,746.00
8. If capital gains are reported, see line 19 from continuation page
   (If FEIT worksheet for AMT is used, enter amount from line 6 of that worksheet instead)
   All others:
   If line 7 is $175,000 or less ($87,500 if MFS) multiply
   line 7 by 26%. Otherwise, multiply line 7 by 28% and
   subtract $3,500 ($1,750 if MFS) from the result ............................. 39,714.00
9. Alternative minimum tax foreign tax credit ................................... 0.00
10. Tentative minimum tax (line 8 less line 9) .................................. 39,714.00
11. Regular tax before credits (if Schedule J was used to figure tax,
    use the refigured amounts for lines 44 and 47 of Form 1040
    without using Schedule J) .................................................. 30,057.00
12. Alternative minimum tax .................................................... 9,657.00

### Exemption Worksheet (line 6 above)

A. Exemption amount based on filing status .................................... 70,950.00
B. Alternative minimum taxable income ......................................... 208,957.00
C. Enter $112,500 ($150,000 if married filing jointly or
   qualifying widow(er), $75,000 if married filing separately) ............... 150,000.00
D. Subtract line C from line B ................................................ 58,957.00
E. Multiply line D by 25% ..................................................... 14,739.00
F. Subtract line E from line A (if zero or less, enter zero) .................. 56,211.00

### 2009 - Form 6251 - Continuation, Tax Computation Using Maximum Capital Gain Rates

| | |
|---|---:|
| 1. Amount from Form 6251 report, line 7 | 152,746.00 |
|    (If FEIT worksheet for AMT was used, enter amount from line 3 of that worksheet instead) | |
| 2. Amount from line 6 Qualified Dividends and Capital Gain Tax Worksheet | |
|    or line 13 Schedule D Tax Worksheet (refigured for AMT) | 0.00 |
| 3. Amount from Schedule D line 19 (refigured for AMT) | 0.00 |
| 4. Amount from line 2 if no Schedule D worksheet; otherwise, the smaller of | |
|    the sum of line 2 and line 3 or Schedule D worksheet line 10 (refigured for AMT) | 0.00 |
| 5. Smaller of line 1 or line 4 | 0.00 |
| 6. Subtract line 5 from line 1 | 152,746.00 |
| 7. If line 6 is $175,000 or less ($87,500 if MFS) multiply line 6 by 26%; | |
|    otherwise, multiply line 6 by 28% and subtract $3,500 ($1,750 if MFS) | |
|    from the result | 39,714.00 |
| 8. Enter: | |
|    $67,900 if married filing jointly or qualifying widow(er) | |
|    $33,950 if single or married filing separately | 67,900.00 |
|    $45,500 if head of household | |
| 9. Amount from line 7 Qualified Dividends and Capital Gain Tax Worksheet | |
|    or line 14 Schedule D Tax Worksheet | 0.00 |
| 10. Subtract line 9 from line 8 (if zero or less, enter zero) | 67,900.00 |
| 11. Smaller of line 1 or line 2 | 0.00 |
| 12. Smaller of line 10 or line 11 | 0.00 |
| 13. Subtract line 12 from line 11 | 0.00 |
| 14. Multiply line 13 by 15% | 0.00 |
| 15. Subtract line 11 from line 5 | 0.00 |
| 16. Multiply line 15 by 25% | 0.00 |
| 17. Total of lines 7, 14 and 16 | 39,714.00 |
| 18. If line 1 is $175,000 or less ($87,500 if MFS) multiply line 1 by 26%; | |
|    otherwise, multiply line 1 by 28% and subtract $3,500 ($1,750 if MFS) | |
|    from the result | 39,714.00 |
| 19. Smaller of line 17 or line 18. Enter here and on line 8 of Form 6251 report | 39,714.00 |

## 2010 - Form 6251 - Alternative Minimum Tax Computation

1. If filing Schedule A, enter taxable income before exemptions;
   otherwise, enter adjusted gross income                                164,617.00
2. Total adjustment and preferences (excluding any NOL deduction)         33,095.00
3. Net operating loss deduction                                         144,268.00
4. Alternative tax net operating loss deduction                        (144,268.00)
5. Alternative minimum taxable income (combine lines 1 thru 4)           197,712.00
6. Exemption amount                                                       60,522.00
7. Subtract line 6 from line 5 (if zero or less, enter zero)            137,190.00
8. If capital gains are reported, see line 19 from continuation page
   (If FEIT worksheet for AMT is used, enter amount from line 6 of that worksheet instead)
   All others:
   If line 7 is $175,000 or less ($87,500 if MFS) multiply
   line 7 by 26%. Otherwise, multiply line 7 by 28% and
   subtract $3,500 ($1,750 if MFS) from the result                       35,669.00
9. Alternative minimum tax foreign tax credit                                 0.00
10. Tentative minimum tax (line 8 less line 9)                            35,669.00
11. Regular tax before credits (if Schedule J was used to figure tax,
    use the refigured amounts for lines 44 and 47 of Form 1040
    without using Schedule J)                                            28,204.00
12. Alternative minimum tax                                               7,465.00

### Exemption Worksheet (line 6 above)

A. Exemption amount based on filing status                               72,450.00
B. Alternative minimum taxable income                                   197,712.00
C. Enter $112,500 ($150,000 if married filing jointly or
   qualifying widow(er), $75,000 if married filing separately)          150,000.00
D. Subtract line C from line B                                           47,712.00
E. Multiply line D by 25%                                                11,928.00
F. Subtract line E from line A (if zero or less, enter zero)             60,522.00

### 2010 - Form 6251 - Continuation, Tax Computation Using Maximum Capital Gain Rates

| | | |
|---|---|---|
| 1. Amount from Form 6251 report, line 7 | | 137,190.00 |
| (If FEIT worksheet for AMT was used, enter amount from line 3 of that worksheet instead) | | |
| 2. Amount from line 6 Qualified Dividends and Capital Gain Tax Worksheet | | |
| or line 13 Schedule D Tax Worksheet (refigured for AMT) | | 0.00 |
| 3. Amount from Schedule D line 19 (refigured for AMT) | | 0.00 |
| 4. Amount from line 2 if no Schedule D worksheet; otherwise, the smaller of | | |
| the sum of line 2 and line 3 or Schedule D worksheet line 10 (refigured for AMT) | | 0.00 |
| 5. Smaller of line 1 or line 4 | | 0.00 |
| 6. Subtract line 5 from line 1 | | 137,190.00 |
| 7. If line 6 is $175,000 or less ($87,500 if MFS) multiply line 6 by 26%; | | |
| otherwise, multiply line 6 by 28% and subtract $3,500 ($1,750 if MFS) | | |
| from the result | | 35,669.00 |
| 8. Enter: | | |
| $68,000 if married filing jointly or qualifying widow(er) | | |
| $34,000 if single or married filing separately | | 68,000.00 |
| $45,550 if head of household | | |
| 9. Amount from line 7 Qualified Dividends and Capital Gain Tax Worksheet | | |
| or line 14 Schedule D Tax Worksheet | | 0.00 |
| 10. Subtract line 9 from line 8 (if zero or less, enter zero) | | 68,000.00 |
| 11. Smaller of line 1 or line 2 | | 0.00 |
| 12. Smaller of line 10 or line 11 | | 0.00 |
| 13. Subtract line 12 from line 11 | | 0.00 |
| 14. Multiply line 13 by 15% | | 0.00 |
| 15. Subtract line 11 from line 5 | | 0.00 |
| 16. Multiply line 15 by 25% | | 0.00 |
| 17. Total of lines 7, 14 and 16 | | 35,669.00 |
| 18. If line 1 is $175,000 or less ($87,500 if MFS) multiply line 1 by 26%; | | |
| otherwise, multiply line 1 by 28% and subtract $3,500 ($1,750 if MFS) | | |
| from the result | | 35,669.00 |
| 19. Smaller of line 17 or line 18. Enter here and on line 8 of Form 6251 report | | 35,669.00 |

| Form 886-A<br>(Rev. January 1994) | EXPLANATION OF ITEMS | | Schedule number or exhibit |
|---|---|---|---|
| Name of Taxpayer<br><br>Duffy, Edward J. & Shannon L. | | Tax Identification Number | Year/Period ended |

| | | |
|---|---|---|
| Adjustment(s) to Prepayment Credit(s) Subject to Deficiency (Form 4549 series Line 13a or Form 5278 Line 20a): | 2009 | 2010 |
| Make work pay/government retiree credit | (800.00) | (800.00) |
| Total Adjustment Amount: | (800.00) | (800.00) |

| | | |
|---|---|---|
| Adjustment(s) to Prepayment Credit(s) Not Subject to Deficiency (Form 4549 series Line 15 or Form 5278 Line 22): | 2009 | 2010 |
| Total Adjustment Amount: | | |

Form 886-A (1-1994)          Department of the Treasury-Internal Revenue Service

## 2009 - MAKING WORK PAY AND GOVERNMENT RETIREE CREDITS

| | |
|---|---:|
| 1a. Earned income amount (if current year wages are more than minimum amount, skip lines 1a through 3 and enter $400 on line 4 ($800 if married filing jointly)) | 261,167.00 |
| 1b. Nontaxable combat pay included in line 1a | 0.00 |
| 2. Multiply line 1a by .062 | 16,192.00 |
| 3. Enter $400 ($800 if married filing jointly) | 800.00 |
| 4. Smaller of line 2 or line 3 | 800.00 |
| 5. Adjusted gross income | 275,519.00 |
| 6. Enter $75,000 ($150,000 if married filing jointly) | 150,000.00 |
| 7. Subtract line 6 from line 5 (if zero or less, skip line 8) | 125,519.00 |
| 8. Multiply line 7 by .02 | 2,510.00 |
| 9. Subtract line 8 from line 4 (if zero or less, enter -0-) | 0.00 |
| 10. Economic recovery payment amount received for current year | 0.00 |
| 11. Government pension payment amount received for current year | 0.00 |
| 12. Add lines 10 and 11 | 0.00 |
| 13. Subtract line 12 from line 9 (if zero or less, enter -0-) | 0.00 |
| 14. Making work pay and government retiree credits (add lines 11 and 13) | 0.00 |

## 2010 - MAKING WORK PAY CREDIT

| | |
|---|---|
| 1a. Earned income amount (*see below) | 202,356.00 |
| 1b. Nontaxable combat pay included in line 1a | 0.00 |
| 2. Multiply line 1a by .062 | 12,546.00 |
| 3. Enter $400 ($800 if married filing jointly) | 800.00 |
| 4. Smaller of line 2 or line 3 | 800.00 |
| 5. Adjusted gross income | 266,324.00 |
| 6. Enter $75,000 ($150,000 if married filing jointly) | 150,000.00 |
| 7. Subtract line 6 from line 5 (if zero or less, skip line 8 and enter amount from line 4 on line 9) | 116,324.00 |
| 8. Multiply line 7 by .02 | 2,326.00 |
| 9. Subtract line 8 from line 4 (if zero or less, enter -0-) | 0.00 |
| 10. Economic recovery payment amount received for current year | 0.00 |
| 11. Making work pay credit. Subtract line 10 from line 9 (if zero or less, enter -0-) | 0.00 |

\* Enter earned income amount on line 1a if any of the following conditions apply:
   Net loss from business;
   Taxable scholarship or fellowship grant not reported on Form W-2;
   Wages include pay for work performed while an inmate in a penal institution;
   Received pension or annuity from a nonqualified deferred compensation plan or nongovernmental section 457 plan;
   Filing Form 2555 or 2555-EZ.
 If current year wages are more than minimum amount, skip lines 1a through 3 and enter $400
   ($800 if married filing jointly) on line 4 and go to line 5; otherwise, enter earned income amount on line 1a

## 2009 - Child Tax Credit and Form 8812 Additional Child Tax Credit

|  |  |
|---|---|
| 1. Amount of credit based on qualifying children | 4,000.00 |
| 2. Modified AGI | 275,519.00 |
| 3. Limitation based on filing status ($110,000 if married filing jointly; | 110,000.00 |
| $75,000 if single, head of household, or qualifying widow(er); | |
| $55,000 if married filing separate) | |
| 4. Subtract line 3 from line 2 (if zero or less, enter -0-) | 166,000.00 |
| 5. Multiply line 4 by .05 | 8,300.00 |
| 6. Subtract line 5 from line 1 (if zero or less, no credit is allowed) | 0.00 |
| 7. Corrected tax before allowable credits | 0.00 |
| 8. Credit limitation | 0.00 |
| 9. Subtract line 8 from line 7 | 0.00 |
| 10. Child tax credit (smaller of lines 6 or 9) | 0.00 |

## Form 8812 - Additional Child Tax Credit

|  |  |
|---|---|
| 1. Amount from line 1 above (or amount of credit after modified AGI reduction) | 0.00 |
| 2. Child tax credit allowed (line 10 above) | 0.00 |
| 3. Subtract line 2 from line 1 (if zero or less, no credit is allowed) | 0.00 |
| 4a. Earned income | |
| 4b. Nontaxable combat pay included on line 4a | |
| 5. If the amount on line 4a is more than $3,000, subtract $3,000 from line 4a | |
| (if line 4a is less than $3,000, then line 5 equals zero) | |
| 6. Multiply the amount on line 5 by 15% | |
| 7. Enter the total of the withheld social security and Medicare taxes | |
| 8. One-half of self-employment tax, plus FICA tax on tips and uncollected | |
| social security, Medicare, or RRTA taxes | |
| 9. Total of line 7 and line 8 | |
| 10. Earned income credit and excess social security and RRTA taxes withheld | |
| 11. Subtract line 10 from line 9 (if zero or less, enter -0-) | |
| 12. Larger of line 6 or line 11 | |
| 13. Additional child tax credit (smaller of lines 3 or 12) | |

## 2010 - Child Tax Credit and Form 8812 Additional Child Tax Credit

| | |
|---|---:|
| 1. Amount of credit based on qualifying children | 4,000.00 |
| 2. Modified AGI | 266,324.00 |
| 3. Limitation based on filing status ($110,000 if married filing jointly; $75,000 if single, head of household, or qualifying widow(er); $55,000 if married filing separate) | 110,000.00 |
| 4. Subtract line 3 from line 2 (if zero or less, enter -0-) | 157,000.00 |
| 5. Multiply line 4 by .05 | 7,850.00 |
| 6. Subtract line 5 from line 1 (if zero or less, no credit is allowed) | 0.00 |
| 7. Corrected tax before allowable credits | 0.00 |
| 8. Credit limitation | 0.00 |
| 9. Subtract line 8 from line 7 | 0.00 |
| 10. Child tax credit (smaller of lines 6 or 9) | 0.00 |

### Form 8812 - Additional Child Tax Credit

| | |
|---|---:|
| 1. Amount from line 1 above (or amount of credit after modified AGI reduction) | 0.00 |
| 2. Child tax credit allowed (line 10 above) | 0.00 |
| 3. Subtract line 2 from line 1 (if zero or less, no credit is allowed) | 0.00 |
| 4a. Earned income | |
| 4b. Nontaxable combat pay included on line 4a | |
| 5. If the amount on line 4a is more than $3,000, subtract $3,000 from line 4a (if line 4a is less than $3,000, then line 5 equals zero) | |
| 6. Multiply the amount on line 5 by 15% | |
| 7. Enter the total of the withheld social security and Medicare taxes | |
| 8. One-half of self-employment tax, plus FICA tax on tips and uncollected social security, Medicare, or RRTA taxes | |
| 9. Total of line 7 and line 8 | |
| 10. Earned income credit and excess social security and RRTA taxes withheld | |
| 11. Subtract line 10 from line 9 (if zero or less, enter -0-) | |
| 12. Larger of line 6 or line 11 | |
| 13. Additional child tax credit (smaller of lines 3 or 12) | |

## Accuracy-Related Penalties under IRC 6662

### 20 Percent Penalty - Internal Revenue Code Section 6662(a)

It has been determined that the underpayment of tax shown on line 11 below is attributable to one or more of the following:

(1) Negligence or disregard of rules or regulations;
(2) Substantial understatement of income tax;
(3) Substantial valuation misstatement (overstatement);
(4) Transaction lacking economic substance.

Therefore, an addition to tax is imposed as provided by Section 6662(a) of the Internal Revenue Code.

| | | |
|---|---|---|
| 1. Total tax as corrected | | 39,714.00 |
| 2. Less: Total refundable credits as corrected | | 0.00 |
| 3. Net tax due after allowable refundable credits (Line 1 less line 2) (not less than 0.00) | | 39,714.00 |
| 4. Total tax per return | | 0.00 |
| 5. Total refundable credits per return | | 4,800.00 |
| 6. Net tax less refundable credits per return (Line 4 less line 5) (not less than 0.00) | | 0.00 |
| 7. Net tax due in excess of net tax per return (Line 3 less line 6) | | 39,714.00 |
| 8. Adjustments to prepayment credits – increase (decrease) | | 0.00 |
| 9. Tax due after adjustment to prepayment credits (line 7 less line 8) | | 39,714.00 |
| 10. Less: Refunds held in excess of refundable credits per return less tax per return | | |
| 10a. Frozen refunds | 0.00 | |
| 10b. Refundable credits per return less tax per return (not less than 0.00) | 4,800.00 | |
| 10c. Net refunds held in excess of refundable credits per return less tax per return (Line 10a less line 10b) (not less than 0.00) | | 0.00 |
| 11. Underpayment to which Section 6662(a) applies (Line 9 less line 10c) (not less than 0.00) | | 39,714.00 |
| 12. Applicable penalty rate | | 20.00% |
| 13. Section 6662(a) accuracy-related penalty (line 11 multiplied by line 12) | | 7,942.80 |
| 14. Less: Previously assessed/previously agreed Section 6662(a) penalty | | 0.00 |
| 15. Total Section 6662(a) accuracy-related penalty (Line 13 less line 14) | | 7,942.80 |

RGS Version 16.20.00          Date Tax Computation Last Generated 01/12/2016

## Accuracy-Related Penalties under IRC 6662

**20 Percent Penalty - Internal Revenue Code Section 6662(a)**

It has been determined that the underpayment of tax shown on line 11 below is attributable to one or more of the following:

(1) Negligence or disregard of rules or regulations;
(2) Substantial understatement of income tax;
(3) Substantial valuation misstatement (overstatement);
(4) Transaction lacking economic substance.

Therefore, an addition to tax is imposed as provided by Section 6662(a) of the Internal Revenue Code.

| | | |
|---|---|---|
| 1. Total tax as corrected | | 41,669.00 |
| 2. Less: Total refundable credits as corrected | | 0.00 |
| 3. Net tax due after allowable refundable credits (Line 1 less line 2) (not less than 0.00) | | 41,669.00 |
| 4. Total tax per return | | 6,000.00 |
| 5. Total refundable credits per return | | 4,800.00 |
| 6. Net tax less refundable credits per return (Line 4 less line 5) (not less than 0.00) | | 1,200.00 |
| 7. Net tax due in excess of net tax per return (Line 3 less line 6) | | 40,469.00 |
| 8. Adjustments to prepayment credits – increase (decrease) | | 0.00 |
| 9. Tax due after adjustment to prepayment credits (line 7 less line 8) | | 40,469.00 |
| 10. Less: Refunds held in excess of refundable credits per return less tax per return | | |
| 10a. Frozen refunds | 0.00 | |
| 10b. Refundable credits per return less tax per return (not less than 0.00) | 0.00 | |
| 10c. Net refunds held in excess of refundable credits per return less tax per return (Line 10a less line 10b) (not less than 0.00) | | 0.00 |
| 11. Underpayment to which Section 6662(a) applies (Line 9 less line 10c) (not less than 0.00) | | 40,469.00 |
| 12. Applicable penalty rate | | 20.00% |
| 13. Section 6662(a) accuracy-related penalty (line 11 multiplied by line 12) | | 8,093.80 |
| 14. Less: Previously assessed/previously agreed Section 6662(a) penalty | | 0.00 |
| 15. Total Section 6662(a) accuracy-related penalty (Line 13 less line 14) | | 8,093.80 |

RGS Version   16.20.00            Date Tax Computation Last Generated  01/12/2016

## 2011 - SCHEDULE A - ITEMIZED DEDUCTIONS

| | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| 1. Medical, dental and insurance premiums | 17,185.00 | 17,185.00 | 0.00 |
| 2. 7.5% of adjusted gross income | 0.00 | 80,263.35 | |
| 3. Net medical and dental expenses | 17,185.00 | 0.00 | 17,185.00 |
| 4. Taxes | 5,703.00 | 4,129.00 | 1,574.00 |
| 5. Home interest expense | 36,481.00 | 36,481.00 | 0.00 |
| 6. Qualified mortgage insurance premiums | 0.00 | 0.00 | 0.00 |
| 7. Investment interest | 1,584.00 | 1,584.00 | 0.00 |
| 8. Other interest expense | 0.00 | 0.00 | 0.00 |
| 9. Total interest expense | 38,065.00 | 38,065.00 | 0.00 |
| 10. Contributions | 0.00 | 10,720.00 | (10,720.00) |
| 11. Casualty and theft losses | 0.00 | 0.00 | 0.00 |
| 12. Miscellaneous deductions | 480.00 | 480.00 | 0.00 |
| 13. 2% of adjusted gross income | 0.00 | 21,404.00 | |
| 14. Excess miscellaneous deductions | 480.00 | 0.00 | 480.00 |
| 15. Other miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 16. Total itemized deductions (Sum of lines 3, 4, 9, 10, 11, 14, and 15) | 61,433.00 | 52,914.00 | 8,519.00 |

In Re Duffy
Motion to Convert to Chapter 7
Exhibit 1 page 35 of 58
18-33339-tmb 13 Case 18-33339-tmb13    Doc 38    Filed 11/06/18

## 2012 - SCHEDULE A - ITEMIZED DEDUCTIONS

|  | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| 1. Medical, dental and insurance premiums | 10,939.00 | 10,939.00 | 0.00 |
| 2. 7.5% of adjusted gross income | 0.00 | 18,320.48 | |
| 3. Net medical and dental expenses | 10,939.00 | 0.00 | 10,939.00 |
| 4. Taxes | 5,887.00 | 5,887.00 | 0.00 |
| 5. Home interest expense | 14,720.00 | 14,720.00 | 0.00 |
| 6. Qualified mortgage insurance premiums | 0.00 | 0.00 | 0.00 |
| 7. Investment interest | 569.00 | 569.00 | 0.00 |
| 8. Other interest expense | 0.00 | 0.00 | 0.00 |
| 9. Total interest expense | 15,289.00 | 15,289.00 | 0.00 |
| 10. Contributions | 0.00 | 4,344.00 | (4,344.00) |
| 11. Casualty and theft losses | 0.00 | 0.00 | 0.00 |
| 12. Miscellaneous deductions | 1,410.00 | 1,410.00 | 0.00 |
| 13. 2% of adjusted gross income | 0.00 | 4,885.00 | |
| 14. Excess miscellaneous deductions | 1,410.00 | 0.00 | 1,410.00 |
| 15. Other miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 16. Total itemized deductions (Sum of lines 3, 4, 9, 10, 11, 14, and 15) | 33,525.00 | 25,520.00 | 8,005.00 |

## 2013 - SCHEDULE A - ITEMIZED DEDUCTIONS

| | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| 1. Medical, dental and insurance premiums | 23,687.00 | 23,687.00 | 0.00 |
| 2. 10.0% of adjusted gross income | 0.00 | 60,074.10 | |
| 3. Net medical and dental expenses | 23,687.00 | 0.00 | 23,687.00 |
| 4. Taxes | 7,012.00 | 7,012.00 | 0.00 |
| 5. Home interest expense | 16,494.00 | 16,494.00 | 0.00 |
| 6. Qualified mortgage insurance premiums | 0.00 | 0.00 | 0.00 |
| 7. Investment interest | 0.00 | 0.00 | 0.00 |
| 8. Other interest expense | 0.00 | 0.00 | 0.00 |
| 9. Total interest expense | 16,494.00 | 16,494.00 | 0.00 |
| 10. Contributions | 0.00 | 3,806.00 | (3,806.00) |
| 11. Casualty and theft losses | 0.00 | 0.00 | 0.00 |
| 12. Miscellaneous deductions | 1,130.00 | 1,130.00 | 0.00 |
| 13. 2% of adjusted gross income | 0.00 | 12,015.00 | |
| 14. Excess miscellaneous deductions | 1,130.00 | 0.00 | 1,130.00 |
| 15. Other miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 16. Total itemized deductions (Sum of lines 3, 4, 9, 10, 11, 14, and 15 less any applicable limitation) | 48,323.00 | 18,290.00 | 30,033.00 |

## ITEMIZED DEDUCTIONS WORKSHEET - PER EXAM

| | |
|---|---|
| A Total of lines 3, 4, 9, 10, 11, 14, and 15 above | 27,312.00 |
| B Total of lines 3, 7, and 11, (plus any gambling and casualty or theft losses on line 15 above) | 0.00 |
| C Line A less line B | 27,312.00 |
| D Multiply the amount on line C by 80% | 21,850.00 |
| E Adjusted gross income | 600,741.00 |
| F Itemized deduction limitation based on filing status | 300,000.00 |
| G Line E less line F | 300,741.00 |
| H Multiply the amount on line G by 3% | 9,022.00 |
| I Enter the smaller of line D or line H | 9,022.00 |
| J Total itemized deductions (Line A less line I, entered on line 16 per exam column above) | 18,290.00 |

## 2014 - SCHEDULE A - ITEMIZED DEDUCTIONS

| | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| 1. Medical, dental and insurance premiums | 25,082.00 | 25,082.00 | 0.00 |
| 2. 10.0% of adjusted gross income | 0.00 | 2,247.20 | |
| 3. Net medical and dental expenses | 25,082.00 | 22,834.80 | 2,247.20 |
| 4. Taxes | 7,661.00 | 7,661.00 | 0.00 |
| 5. Home interest expense | 12,323.00 | 12,323.00 | 0.00 |
| 6. Qualified mortgage insurance premiums | 0.00 | 0.00 | 0.00 |
| 7. Investment interest | 0.00 | 0.00 | 0.00 |
| 8. Other interest expense | 0.00 | 0.00 | 0.00 |
| 9. Total interest expense | 12,323.00 | 12,323.00 | 0.00 |
| 10. Contributions | 0.00 | 2,083.00 | (2,083.00) |
| 11. Casualty and theft losses | 0.00 | 0.00 | 0.00 |
| 12. Miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 13. 2% of adjusted gross income | 0.00 | 449.00 | |
| 14. Excess miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 15. Other miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 16. Total itemized deductions (Sum of lines 3, 4, 9, 10, 11, 14, and 15 less any applicable limitation) | 45,066.00 | 44,902.00 | 164.00 |

## ITEMIZED DEDUCTIONS WORKSHEET - PER EXAM

| | |
|---|---|
| A Total of lines 3, 4, 9, 10, 11, 14, and 15 above | 44,901.80 |
| B Total of lines 3, 7, and 11, (plus any gambling and casualty or theft losses on line 15 above) | 22,834.80 |
| C Line A less line B | 22,067.00 |
| D Multiply the amount on line C by 80% | 17,654.00 |
| E Adjusted gross income | 22,472.00 |
| F Itemized deduction limitation based on filing status | 305,050.00 |
| G Line E less line F | 0.00 |
| H Multiply the amount on line G by 3% | 0.00 |
| I Enter the smaller of line D or line H | 0.00 |
| J Total itemized deductions (Line A less line I, entered on line 16 per exam column above) | 44,902.00 |

| Name of Taxpayer: | Edward J. & Shannon L. Duffy | | 01/13/2016 |
| Identification Number: | | Total | 16.20.00 |

## 2013 - PERSONAL EXEMPTION WORKSHEET

1. Multiply $3,900 by the total number of exemptions claimed     23,400.00

2. Adjusted gross income     600,741.00

3. Limitation based on filing status     300,000.00

    NOTE: If line 2 is not greater than line 3, STOP;

    enter amount from line 1 on line 8 below

4. Subtract line 3 from line 2     300,741.00

    If line 4 is less than zero or more than $122,500 ($61,250 if married filing separately),

    then STOP; enter 0.00 on line 8

5. Divide line 4 by $2,500 ($1,250 if married filing separately)     0.00

    (If result is not a whole number, increase to next whole number)

6. Multiply line 5 by 2% and enter the result as a decimal     0.00

7. Multiply line 1 by line 6     0.00

8. Deduction for exemptions     0.00

    (subtract line 7 from line 1; or amount from line 1 or 0.00, if applicable)

## 2012 - Qualified Dividends and Capital Gain Tax Worksheet

1. Enter the taxable income from Form 1040, line 43, or the amount from
   Foreign Earned Income Tax Worksheet, line 3, if filing Form 2555 or 2555-EZ      195,953.00

2. Enter the qualified dividends from Form 1040, line 9b      132.00

3. If filing Schedule D, enter the smaller line 15 or line 16 of Schedule D, but do not enter
   less than -0-. Otherwise, enter the amount from Form 1040, line 13      0.00

4. Add lines 2 and 3      132.00

5. If filing Form 4952, enter the amount, if any, from line 4g of Form 4952. Otherwise, enter -0-      0.00

6. Subtract line 5 from line 4. If zero or less, enter -0-      132.00

7. Subtract line 6 from line 1. If zero or less, enter -0-      195,821.00

8. Enter:
   $35,350 if single or married filing separately;
   $70,700 if married filing jointly or qualifying widow(er); or
   $47,350 if head of household      70,700.00

9. Enter the smaller of line 1 or line 8      70,700.00

10. Enter the smaller of line 7 or line 9      70,700.00

11. Subtract line 10 from line 9. This amount is taxed at 0%      0.00

12. Enter the smaller of line 1 or line 6      132.00

13. Enter the amount from line 11      0.00

14. Subtract line 13 from line 12      132.00

15. Multiply line 14 by 15% (.15)      20.00

16. Figure the tax on the amount on line 7. If the amount on line 7 is less than $100,000,
    use the Tax Table to figure this tax. If the amount on line 7 is $100,000 or more,
    use the Tax Computation Worksheet      42,609.00

17. Add lines 15 and 16      42,629.00

18. Figure the tax on the amount on line 1. If the amount on line 1 is less than $100,000,
    use the Tax Table to figure this tax. If the amount on line 1 is $100,000 or more,
    use the Tax Computation Worksheet      42,646.00

19. Tax on all taxable income. Enter the smaller of line 17 or line 18
    Also include this amount on Form 1040, line 44, or
    Foreign Earned Income Tax Worksheet, line 4, if applicable      42,629.00

## 2012 - Form 6251 - Alternative Minimum Tax Computation

1. If filing Schedule A, enter taxable income before exemptions;
   otherwise, enter adjusted gross income                                    218,753.00
2. Total adjustment and preferences (excluding any NOL deduction)              5,887.00
3. Net operating loss deduction                                                    0.00
4. Alternative tax net operating loss deduction                                    0.00
5. Alternative minimum taxable income (combine lines 1 thru 4)               224,640.00
6. Exemption amount                                                           60,090.00
7. Subtract line 6 from line 5 (if zero or less, enter zero)                 164,550.00
8. If capital gains are reported, see line 19 from continuation page
   (If FEIT worksheet for AMT is used, enter amount from line 6 of that worksheet instead)
   All others:
   If line 7 is $175,000 or less ($87,500 if MFS) multiply
   line 7 by 26%. Otherwise, multiply line 7 by 28% and
   subtract $3,500 ($1,750 if MFS) from the result                           42,769.00
9. Alternative minimum tax foreign tax credit                                       0.00
10. Tentative minimum tax (line 8 less line 9)                                42,769.00
11. Regular tax before credits (if Schedule J was used to figure tax,
    use the refigured amounts for lines 44 and 47 of Form 1040
    without using Schedule J)                                                 42,629.00
12. Alternative minimum tax                                                      140.00

### Exemption Worksheet (line 6 above)

A. Exemption amount based on filing status                                    78,750.00
B. Alternative minimum taxable income                                        224,640.00
C. Enter $112,500 ($150,000 if married filing jointly or
   qualifying widow(er), $75,000 if married filing separately)              150,000.00
D. Subtract line C from line B                                                74,640.00
E. Multiply line D by 25%                                                     18,660.00
F. Subtract line E from line A (if zero or less, enter zero)                  60,090.00

Name of Taxpayer: Edward J. & Shannon L. Duffy

Identification Number:

01/13/2016

Total 16.20.00

## 2012 - Form 6251 - Continuation, Tax Computation Using Maximum Capital Gain Rates

| | |
|---|---:|
| 1. Amount from Form 6251 report, line 7 | 164,550.00 |
| (If FEIT worksheet for AMT was used, enter amount from line 3 of that worksheet instead) | |
| 2. Amount from line 6 Qualified Dividends and Capital Gain Tax Worksheet | |
| or line 13 Schedule D Tax Worksheet (refigured for AMT) | 132.00 |
| 3. Amount from Schedule D line 19 (refigured for AMT) | 0.00 |
| 4. Amount from line 2 if no Schedule D worksheet; otherwise, the smaller of | |
| the sum of line 2 and line 3 or Schedule D worksheet line 10 (refigured for AMT) | 132.00 |
| 5. Smaller of line 1 or line 4 | 132.00 |
| 6. Subtract line 5 from line 1 | 164,418.00 |
| 7. If line 6 is $175,000 or less ($87,500 if MFS) multiply line 6 by 26%; | |
| otherwise, multiply line 6 by 28% and subtract $3,500 ($1,750 if MFS) | |
| from the result | 42,749.00 |
| 8. Enter: | |
| $70,700 if married filing jointly or qualifying widow(er) | |
| $35,350 if single or married filing separately | 70,700.00 |
| $47,350 if head of household | |
| 9. Amount from line 7 Qualified Dividends and Capital Gain Tax Worksheet | |
| or line 14 Schedule D Tax Worksheet | 195,821.00 |
| 10. Subtract line 9 from line 8 (if zero or less, enter zero) | 0.00 |
| 11. Smaller of line 1 or line 2 | 132.00 |
| 12. Smaller of line 10 or line 11 | 0.00 |
| 13. Subtract line 12 from line 11 | 132.00 |
| 14. Multiply line 13 by 15% | 20.00 |
| 15. Subtract line 11 from line 5 | 0.00 |
| 16. Multiply line 15 by 25% | 0.00 |
| 17. Total of lines 7, 14 and 16 | 42,769.00 |
| 18. If line 1 is $175,000 or less ($87,500 if MFS) multiply line 1 by 26%; | |
| otherwise, multiply line 1 by 28% and subtract $3,500 ($1,750 if MFS) | |
| from the result | 42,783.00 |
| 19. Smaller of line 17 or line 18. Enter here and on line 8 of Form 6251 report | 42,769.00 |

## 2012 - SCHEDULE SE - COMPUTATION OF SELF-EMPLOYMENT TAX

### Primary
Edward J. Duffy

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

| | |
|---|---:|
| 1. Self-employment income | 175,964.00 |
| 2. Multiply line 1 by 92.35% | 162,502.75 |
| 3. Farm optional method income | 0.00 |
| 4. Nonfarm optional method income | 0.00 |
| 5. Earnings subject to self-employment tax (sum of 2, 3, 4) | 162,502.75 |
| 6. Maximum earnings subject to social security | 110,100.00 |
| 7. Social security wages and tips from W-2 | 0.00 |
| 8. Unreported tips subject to social security tax from Form 4137 | 0.00 |
| 9. Wages subject to social security tax from Form 8919 | 0.00 |
| 10. Sum of lines 7, 8 and 9 | 0.00 |
| 11. Line 6 less line 10 | 110,100.00 |
| 12. Multiply the smaller of line 5 or 11 by 10.40% | 11,450.40 |
| 13. Multiply line 5 by 2.90% | 4,712.58 |
| 14. Self-employment tax (sum of lines 12 and 13) | 16,162.98 |

### Secondary
Shannon L. Duffy

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

| | |
|---|---:|
| 1. Self-employment income | (4,705.00) |
| 2. Multiply line 1 by 92.35% | (4,705.00) |
| 3. Farm optional method income | 0.00 |
| 4. Nonfarm optional method income | 0.00 |
| 5. Earnings subject to self-employment tax (sum of 2, 3, 4) | 0.00 |
| 6. Maximum earnings subject to social security | 110,100.00 |
| 7. Social security wages and tips from W-2 | 0.00 |
| 8. Unreported tips subject to social security tax from Form 4137 | 0.00 |
| 9. Wages subject to social security tax from Form 8919 | 0.00 |
| 10. Sum of lines 7, 8 and 9 | 0.00 |
| 11. Line 6 less line 10 | 110,100.00 |
| 12. Multiply the smaller of line 5 or 11 by 10.40% | 0.00 |
| 13. Multiply line 5 by 2.90% | 0.00 |
| 14. Self-employment tax (sum of lines 12 and 13) | 0.00 |

| Name of Taxpayer: | Edward J. & Shannon L. Duffy | | 01/13/2016 |
|---|---|---|---|
| Identification Number: | | Total | 16,20.00 |

## 2013 - SCHEDULE SE - COMPUTATION OF SELF-EMPLOYMENT TAX

**Primary**
Edward J. Duffy                                                        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

| | |
|---|---|
| 1. Self-employment income | 218,182.00 |
| 2. Multiply line 1 by 92.35% | 201,491.08 |
| 3. Farm optional method income | 0.00 |
| 4. Nonfarm optional method income | 0.00 |
| 5. Earnings subject to self-employment tax (sum of 2, 3, 4) | 201,491.08 |
| 6. Maximum earnings subject to social security | 113,700.00 |
| 7. Social security wages and tips from W-2 | 0.00 |
| 8. Unreported tips subject to social security tax from Form 4137 | 0.00 |
| 9. Wages subject to social security tax from Form 8919 | 0.00 |
| 10. Sum of lines 7, 8 and 9 | 0.00 |
| 11. Line 6 less line 10 | 113,700.00 |
| 12. Multiply the smaller of line 5 or 11 by 12.40% | 14,098.80 |
| 13. Multiply line 5 by 2.90% | 5,843.24 |
| 14. Self-employment tax (sum of lines 12 and 13) | 19,942.04 |

**Secondary**
Shannon L. Duffy                                                      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

| | |
|---|---|
| 1. Self-employment income | 0.00 |
| 2. Multiply line 1 by 92.35% | 0.00 |
| 3. Farm optional method income | 0.00 |
| 4. Nonfarm optional method income | 0.00 |
| 5. Earnings subject to self-employment tax (sum of 2, 3, 4) | 0.00 |
| 6. Maximum earnings subject to social security | 113,700.00 |
| 7. Social security wages and tips from W-2 | 0.00 |
| 8. Unreported tips subject to social security tax from Form 4137 | 0.00 |
| 9. Wages subject to social security tax from Form 8919 | 0.00 |
| 10. Sum of lines 7, 8 and 9 | 0.00 |
| 11. Line 6 less line 10 | 0.00 |
| 12. Multiply the smaller of line 5 or 11 by 12.40% | 0.00 |
| 13. Multiply line 5 by 2.90% | 0.00 |
| 14. Self-employment tax (sum of lines 12 and 13) | 0.00 |

01/13/2016

Total 16.20.00

## 2014 - SCHEDULE SE - COMPUTATION OF SELF-EMPLOYMENT TAX

### Primary
Edward J. Duffy

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

| | |
|---|---|
| 1. Self-employment income | 25,082.00 |
| 2. Multiply line 1 by 92.35% | 23,163.23 |
| 3. Farm optional method income | 0.00 |
| 4. Nonfarm optional method income | 0.00 |
| 5. Earnings subject to self-employment tax (sum of 2, 3, 4) | 23,163.23 |
| 6. Maximum earnings subject to social security | 117,000.00 |
| 7. Social security wages and tips from W-2 | 0.00 |
| 8. Unreported tips subject to social security tax from Form 4137 | 0.00 |
| 9. Wages subject to social security tax from Form 8919 | 0.00 |
| 10. Sum of lines 7, 8 and 9 | 0.00 |
| 11. Line 6 less line 10 | 117,000.00 |
| 12. Multiply the smaller of line 5 or 11 by 12.40% | 2,872.24 |
| 13. Multiply line 5 by 2.90% | 671.73 |
| 14. Self-employment tax (sum of lines 12 and 13) | 3,543.97 |

### Secondary
Shannon L. Duffy

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

| | |
|---|---|
| 1. Self-employment income | 0.00 |
| 2. Multiply line 1 by 92.35% | 0.00 |
| 3. Farm optional method income | 0.00 |
| 4. Nonfarm optional method income | 0.00 |
| 5. Earnings subject to self-employment tax (sum of 2, 3, 4) | 0.00 |
| 6. Maximum earnings subject to social security | 117,000.00 |
| 7. Social security wages and tips from W-2 | 0.00 |
| 8. Unreported tips subject to social security tax from Form 4137 | 0.00 |
| 9. Wages subject to social security tax from Form 8919 | 0.00 |
| 10. Sum of lines 7, 8 and 9 | 0.00 |
| 11. Line 6 less line 10 | 0.00 |
| 12. Multiply the smaller of line 5 or 11 by 12.40% | 0.00 |
| 13. Multiply line 5 by 2.90% | 0.00 |
| 14. Self-employment tax (sum of lines 12 and 13) | 0.00 |

| Form 886-A (Rev. January 1994) | EXPLANATION OF ITEMS | | Schedule number or exhibit |
|---|---|---|---|
| Name of Taxpayer | | Tax Identification Number | Year/Period ended |
| Duffy, Edward J. & Shannon L. | | | |

| | 2012 | 2013 |
|---|---|---|
| Adjustment(s) to Prepayment Credit(s) Subject to Deficiency (Form 4549 series Line 13a or Form 5278 Line 20a): | | |
| American opportunity credit | (90.00) | (90.00) |
| | | |
| Total Adjustment Amount: | (90.00) | (90.00) |

| | 2012 | 2013 |
|---|---|---|
| Adjustment(s) to Prepayment Credit(s) Not Subject to Deficiency (Form 4549 series Line 15 or Form 5278 Line 22): | | |
| | | |
| Total Adjustment Amount: | | |

Form 886-A (1-1994)                    Department of the Treasury-Internal Revenue Service

## 2012 - FORM 8863 - EDUCATION CREDITS

### PART III - TENTATIVE CREDITS

#### AMERICAN OPPORTUNITY CREDIT

| a. STUDENT SSN | b. QUALIFIED EXPENSES (Max. $4,000) | c. SUBTRACT $2,000 FROM QUALIFIED EXPENSES | d. MULTIPLY COLUMN (c) BY 25% | e. IF COLUMN (c) IS ZERO, ENTER AMOUNT FROM COLUMN (b); OTHERWISE, ADD $2,000 TO AMOUNT IN COLUMN (d) |
|---|---|---|---|---|
| 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 | 226.00 | 0.00 | 0.00 | 226.00 |

1. Tentative American opportunity credit (total of amounts in column (e))      226.00

#### LIFETIME LEARNING CREDIT
   a. STUDENT SSN      b. QUALIFIED EXPENSES

2. Total qualified expenses for Lifetime Learning Credit (total of amounts in column (b))      0.00

### PART I - REFUNDABLE AMERICAN OPPORTUNITY CREDIT

3. Enter $180,000  if married filing jointly; $90,000 if single, head of household,
   or qualifying widow(er)                                                         180,000.00
4. Modified adjusted gross income                                                  244,273.00
5. Subtract line 4 from line 3 (if zero or less, no allowable refundable education credit)   0.00
6. Enter $20,000 if married filing jointly; $10,000 if single, head of household,
   or qualifying widow(er)                                                          20,000.00
7. Divide line 5 by line 6 (not more than 1.000)                                       0.000
8. Tentative allowable American opportunity credit (multiply line 1 by line 7)          0.00
9. Refundable American opportunity credit (multiply line 8 by 40%)
   (enter -0- if taxpayer not eligible for this credit)                                 0.00

### PART II - NONREFUNDABLE EDUCATION CREDITS

10. Subtract line 9 from line 8                                                          0.00
11. Enter amount from line 2 (If zero, skip lines 12 through 18,
    and enter zero on line 19 and go to line 20)                                        0.00
12. Enter the smaller of line 11 or $10,000
13. Multiply line 12 by 20%
14. Enter $124,000 if married filing jointly; $62,000 if single, head of household,
    or qualifying widow(er)
15. Modified adjusted gross income
16. Subtract line 15 from line 14 (if zero or less, skip lines 17 and 18,
    and enter zero on line 19 and go to line 20)
17. Enter $20,000 if married filing jointly; $10,000 if single, head of household,
    or qualifying widow(er)
18. Divide line 16 by line 17 (not more than 1.000)
19. Multiply line 13 by line 18                                                         0.00
20. Tentative Nonrefundable Education Credit (add line 19 and line 10)                   0.00
21. Total tax                                                                        42,769.00
22. Allowable credits                                                                   0.00
23. Subtract line 22 from line 21                                                    42,769.00
24. Nonrefundable Education Credit (smaller of line 20 or line 23)                       0.00

## 2013 - FORM 8863 - EDUCATION CREDITS

**PART III - TENTATIVE CREDITS**

AMERICAN OPPORTUNITY CREDIT

| a. STUDENT SSN | b. QUALIFIED EXPENSES (Max. $4,000) | c. SUBTRACT $2,000 FROM QUALIFIED EXPENSES | d. MULTIPLY COLUMN (c) BY 25% | e. IF COLUMN (c) IS ZERO, ENTER AMOUNT FROM COLUMN (b); OTHERWISE, ADD $2,000 TO AMOUNT IN COLUMN (d) |
|---|---|---|---|---|
| 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 | 226.00 | 0.00 | 0.00 | 226.00 |

1. Tentative American opportunity credit (total of amounts in column (e))       226.00

LIFETIME LEARNING CREDIT
  a. STUDENT SSN       b. QUALIFIED EXPENSES

2. Total qualified expenses for Lifetime Learning Credit (total of amounts in column (b))       0.00

**PART I - REFUNDABLE AMERICAN OPPORTUNITY CREDIT**

3. Enter $180,000 if married filing jointly; $90,000 if single, head of household, or qualifying widow(er)       180,000.00
4. Modified adjusted gross income       600,741.00
5. Subtract line 4 from line 3 (if zero or less, no allowable refundable education credit)       0.00
6. Enter $20,000 if married filing jointly; $10,000 if single, head of household, or qualifying widow(er)       20,000.00
7. Divide line 5 by line 6 (not more than 1.000)       0.000
8. Tentative allowable American opportunity credit (multiply line 1 by line 7)       0.00
9. Refundable American opportunity credit (multiply line 8 by 40%) (enter -0- if taxpayer not eligible for this credit)       0.00

**PART II - NONREFUNDABLE EDUCATION CREDITS**

10. Subtract line 9 from line 8       0.00
11. Enter amount from line 2 (if zero, skip lines 12 through 18, and enter zero on line 19 and go to line 20)       0.00
12. Enter the smaller of line 11 or $10,000
13. Multiply line 12 by 20%
14. Enter $127,000 if married filing jointly; $63,000 if single, head of household, or qualifying widow(er)
15. Modified adjusted gross income
16. Subtract line 15 from line 14 (if zero or less, skip lines 17 and 18, and enter zero on line 19 and go to line 20)
17. Enter $20,000 if married filing jointly; $10,000 if single, head of household, or qualifying widow(er)
18. Divide line 16 by line 17 (not more than 1.000)
19. Multiply line 13 by line 18
20. Tentative Nonrefundable Education Credit (add line 19 and line 10)       0.00
21. Total tax       0.00
22. Allowable credits       178,297.00
23. Subtract line 22 from line 21       0.00
24. Nonrefundable Education Credit (smaller of line 20 or line 23)       178,297.00
                                                                              0.00

## 2011 - Child Tax Credit and Form 8812 Additional Child Tax Credit

| | |
|---|---|
| 1. Amount of credit based on qualifying children | 4,000.00 |
| 2. Modified AGI | 1,070,178.00 |
| 3. Limitation based on filing status ($110,000 if married filing jointly; $75,000 if single, head of household, or qualifying widow(er); $55,000 if married filing separate) | 110,000.00 |
| 4. Subtract line 3 from line 2 (if zero or less, enter -0-) | 961,000.00 |
| 5. Multiply line 4 by .05 | 48,050.00 |
| 6. Subtract line 5 from line 1 (if zero or less, no credit is allowed) | 0.00 |
| 7. Corrected tax before allowable credits | 0.00 |
| 8. Credit limitation | 0.00 |
| 9. Subtract line 8 from line 7 | 0.00 |
| 10. Child tax credit (smaller of lines 6 or 9) | 0.00 |

### Form 8812 - Additional Child Tax Credit

| | |
|---|---|
| 1. Amount from line 1 above (or amount of credit after modified AGI reduction) | 0.00 |
| 2. Child tax credit allowed (line 10 above) | 0.00 |
| 3. Subtract line 2 from line 1 (if zero or less, no credit is allowed) | 0.00 |
| 4a. Earned income | |
| 4b. Nontaxable combat pay included on line 4a | |
| 5. If the amount on line 4a is more than $3,000, subtract $3,000 from line 4a (if line 4a is less than $3,000, then line 5 equals zero) | |
| 6. Multiply the amount on line 5 by 15% | |
| 7. Enter the total of the withheld social security and Medicare taxes | |
| 8. Deductible part of self-employment tax, plus FICA tax on tips and uncollected social security, Medicare, or RRTA taxes | |
| 9. Total of line 7 and line 8 | |
| 10. Earned income credit and excess social security and RRTA taxes withheld | |
| 11. Subtract line 10 from line 9 (if zero or less, enter -0-) | |
| 12. Larger of line 6 or line 11 | |
| 13. Additional child tax credit (smaller of lines 3 or 12) | |

### 2014 - Child Tax Credit and Schedule 8812 Child Tax Credit

| | |
|---|---:|
| 1. Amount of credit based on qualifying children | 2,000.00 |
| 2. Modified AGI | 22,472.00 |
| 3. Limitation based on filing status ($110,000 if married filing jointly; $75,000 if single, head of household, or qualifying widow(er); $55,000 if married filing separate) | 110,000.00 |
| 4. Subtract line 3 from line 2 (if zero or less, enter -0-) | 0.00 |
| 5. Multiply line 4 by .05 | 0.00 |
| 6. Subtract line 5 from line 1 (if zero or less, no credit is allowed) | 2,000.00 |
| 7. Corrected tax before allowable credits | 0.00 |
| 8. Credit limitation | 0.00 |
| 9. Subtract line 8 from line 7 | 0.00 |
| 10. Child tax credit (smaller of lines 6 or 9) | 0.00 |

### Schedule 8812 - Child Tax Credit

| | |
|---|---:|
| 1. Amount from line 1 above (or amount of credit after modified AGI reduction) | 2,000.00 |
| 2. Child tax credit allowed (line 10 above) | 0.00 |
| 3. Subtract line 2 from line 1 (if zero or less, no credit is allowed) | 2,000.00 |
| 4a. Earned income | 23,310.00 |
| 4b. Nontaxable combat pay included on line 4a | 0.00 |
| 5. If the amount on line 4a is more than $3,000, subtract $3,000 from line 4a (if line 4a is less than $3,000, then line 5 equals zero) | 20,310.00 |
| 6. Multiply the amount on line 5 by 15% | 3,047.00 |
| 7. Enter the total of the withheld social security, Medicare, and Additional Medicare taxes | 0.00 |
| 8. Deductible part of self-employment tax, plus FICA tax on tips and uncollected social security, Medicare, or RRTA taxes | 0.00 |
| 9. Total of line 7 and line 8 | 0.00 |
| 10. Earned income credit and excess social security and RRTA taxes withheld | 0.00 |
| 11. Subtract line 10 from line 9 (if zero or less, enter -0-) | 0.00 |
| 12. Larger of line 6 or line 11 | 3,047.00 |
| 13. Additional child tax credit (smaller of lines 3 or 12) | 2,000.00 |

## Accuracy-Related Penalties under IRC 6662

### 20 Percent Penalty - Internal Revenue Code Section 6662(a)

It has been determined that the underpayment of tax shown on line 11 below is attributable to one or more of the following:

(1) Negligence or disregard of rules or regulations;
(2) Substantial understatement of income tax;
(3) Substantial valuation misstatement (overstatement);
(4) Transaction lacking economic substance.

Therefore, an addition to tax is imposed as provided by Section 6662(a) of the Internal Revenue Code.

| | | |
|---|---|---|
| 1. Total tax as corrected | | 357,644.00 |
| 2. Less: Total refundable credits as corrected | | 0.00 |
| 3. Net tax due after allowable refundable credits (Line 1 less line 2) (not less than 0.00) | | 357,644.00 |
| 4. Total tax per return | | 39,500.00 |
| 5. Total refundable credits per return | | 436.00 |
| 6. Net tax less refundable credits per return (Line 4 less line 5) (not less than 0.00) | | 39,064.00 |
| 7. Net tax due in excess of net tax per return (Line 3 less line 6) | | 318,580.00 |
| 8. Adjustments to prepayment credits – increase (decrease) | | 0.00 |
| 9. Tax due after adjustment to prepayment credits (line 7 less line 8) | | 318,580.00 |
| 10. Less: Refunds held in excess of refundable credits per return less tax per return | | |
| 10a. Frozen refunds | 0.00 | |
| 10b. Refundable credits per return less tax per return (not less than 0.00) | 0.00 | |
| 10c. Net refunds held in excess of refundable credits per return less tax per return (Line 10a less line 10b) (not less than 0.00) | | 0.00 |
| 11. Underpayment to which Section 6662(a) applies (Line 9 less line 10c) (not less than 0.00) | | 318,580.00 |
| 12. Applicable penalty rate | | 20.00% |
| 13. Section 6662(a) accuracy-related penalty (line 11 multiplied by line 12) | | 63,716.00 |
| 14. Less: Previously assessed/previously agreed Section 6662(a) penalty | | 0.00 |
| 15. Total Section 6662(a) accuracy-related penalty (Line 13 less line 14) | | 63,716.00 |

## Accuracy-Related Penalties under IRC 6662

### 20 Percent Penalty - Internal Revenue Code Section 6662(a)

It has been determined that the underpayment of tax shown on line 11 below is attributable to one or more of the following:

(1) Negligence or disregard of rules or regulations;
(2) Substantial understatement of income tax;
(3) Substantial valuation misstatement (overstatement);
(4) Transaction lacking economic substance.

Therefore, an addition to tax is imposed as provided by Section 6662(a) of the Internal Revenue Code.

| | | |
|---|---|---:|
| 1. | Total tax as corrected | 64,247.00 |
| 2. | Less: Total refundable credits as corrected | 0.00 |
| 3. | Net tax due after allowable refundable credits (Line 1 less line 2) (not less than 0.00) | 64,247.00 |
| 4. | Total tax per return | 5,315.00 |
| 5. | Total refundable credits per return | 90.00 |
| 6. | Net tax less refundable credits per return (Line 4 less line 5) (not less than 0.00) | 5,225.00 |
| 7. | Net tax due in excess of net tax per return (Line 3 less line 6) | 59,022.00 |
| 8. | Adjustments to prepayment credits – increase (decrease) | 0.00 |
| 9. | Tax due after adjustment to prepayment credits (line 7 less line 8) | 59,022.00 |
| 10. | Less: Refunds held in excess of refundable credits per return less tax per return | |
| | 10a. Frozen refunds | 0.00 |
| | 10b. Refundable credits per return less tax per return (not less than 0.00) | 0.00 |
| | 10c. Net refunds held in excess of refundable credits per return less tax per return (Line 10a less line 10b) (not less than 0.00) | 0.00 |
| 11. | Underpayment to which Section 6662(a) applies (Line 9 less line 10c) (not less than 0.00) | 59,022.00 |
| 12. | Applicable penalty rate | 20.00% |
| 13. | Section 6662(a) accuracy-related penalty (line 11 multiplied by line 12) | 11,804.40 |
| 14. | Less: Previously assessed/previously agreed Section 6662(a) penalty | 0.00 |
| 15. | Total Section 6662(a) accuracy-related penalty (Line 13 less line 14) | 11,804.40 |

In Re Duffy                    Motion to Convert to Chapter 7      Exhibit 1 page 52 of 58
18-33339-tmb 13 Case 18-33339-tmb13    Doc 38    Filed 11/06/18

## Accuracy-Related Penalties under IRC 6662

### 20 Percent Penalty - Internal Revenue Code Section 6662(a)

It has been determined that the underpayment of tax shown on line 11 below is attributable to one or more of the following:

    (1) Negligence or disregard of rules or regulations;
    (2) Substantial understatement of income tax;
    (3) Substantial valuation misstatement (overstatement);
    (4) Transaction lacking economic substance.

Therefore, an addition to tax is imposed as provided by Section 6662(a) of the Internal Revenue Code.

| | | |
|---|---:|---:|
| 1. Total tax as corrected | | 198,239.00 |
| 2. Less: Total refundable credits as corrected | | 0.00 |
| 3. Net tax due after allowable refundable credits (Line 1 less line 2) (not less than 0.00) | | 198,239.00 |
| 4. Total tax per return | | 0.00 |
| 5. Total refundable credits per return | | 90.00 |
| 6. Net tax less refundable credits per return (Line 4 less line 5) (not less than 0.00) | | 0.00 |
| 7. Net tax due in excess of net tax per return (Line 3 less line 6) | | 198,239.00 |
| 8. Adjustments to prepayment credits – increase (decrease) | | 0.00 |
| 9. Tax due after adjustment to prepayment credits (line 7 less line 8) | | 198,239.00 |
| 10. Less: Refunds held in excess of refundable credits per return less tax per return | | |
|     10a. Frozen refunds | 0.00 | |
|     10b. Refundable credits per return less tax per return (not less than 0.00) | 90.00 | |
|     10c. Net refunds held in excess of refundable credits per return less tax per return (Line 10a less line 10b) (not less than 0.00) | | 0.00 |
| 11. Underpayment to which Section 6662(a) applies (Line 9 less line 10c) (not less than 0.00) | | 198,239.00 |
| 12. Applicable penalty rate | | 20.00% |
| 13. Section 6662(a) accuracy-related penalty (line 11 multiplied by line 12) | | 39,647.80 |
| 14. Less: Previously assessed/previously agreed Section 6662(a) penalty | | 0.00 |
| 15. Total Section 6662(a) accuracy-related penalty (Line 13 less line 14) | | 39,647.80 |

## Accuracy-Related Penalties under IRC 6662

**20 Percent Penalty - Internal Revenue Code Section 6662(a)**

It has been determined that the underpayment of tax shown on line 11 below is attributable to one or more of the following:

(1) Negligence or disregard of rules or regulations;
(2) Substantial understatement of income tax;
(3) Substantial valuation misstatement (overstatement);
(4) Transaction lacking economic substance.

Therefore, an addition to tax is imposed as provided by Section 6662(a) of the Internal Revenue Code.

| | | |
|---|---|---:|
| 1. Total tax as corrected | | 3,544.00 |
| 2. Less: Total refundable credits as corrected | | 3,000.00 |
| 3. Net tax due after allowable refundable credits (Line 1 less line 2) (not less than 0.00) | | 544.00 |
| 4. Total tax per return | | 0.00 |
| 5. Total refundable credits per return | | 1,000.00 |
| 6. Net tax less refundable credits per return (Line 4 less line 5) (not less than 0.00) | | 0.00 |
| 7. Net tax due in excess of net tax per return (Line 3 less line 6) | | 544.00 |
| 8. Adjustments to prepayment credits – increase (decrease) | | 0.00 |
| 9. Tax due after adjustment to prepayment credits (line 7 less line 8) | | 544.00 |
| 10. Less: Refunds held in excess of refundable credits per return less tax per return | | |
|    10a. Frozen refunds | 0.00 | |
|    10b. Refundable credits per return less tax per return (not less than 0.00) | 1,000.00 | |
|    10c. Net refunds held in excess of refundable credits per return less tax per return (Line 10a less line 10b) (not less than 0.00) | | 0.00 |
| 11. Underpayment to which Section 6662(a) applies (Line 9 less line 10c) (not less than 0.00) | | 544.00 |
| 12. Applicable penalty rate | | 20.00% |
| 13. Section 6662(a) accuracy-related penalty (line 11 multiplied by line 12) | | 108.80 |
| 14. Less: Previously assessed/previously agreed Section 6662(a) penalty | | 0.00 |
| 15. Total Section 6662(a) accuracy-related penalty (Line 13 less line 14) | | 108.80 |

# How Bankruptcy Affects Your Right to File a Petition in Tax Court in Response to a Notice of Deficiency



**IRS**

This notice explains how your right to petition the Tax Court in response to a Notice of Deficiency may be affected by bankruptcy and the automatic stay. Failure to petition the Tax Court within the time provided by law in the Notice of Deficiency will result in the Tax Court lacking jurisdiction to hear your petition. Also, note that the rules set forth below only pertain to petitioning the Tax Court in response to a Notice of Deficiency. If you receive another Notice from IRS that provides you with an opportunity to petition the Tax Court, the bankruptcy may affect your rights, but other rules may apply as well. If you are represented by an attorney in your bankruptcy preceding, you should consult with him or her about how best to proceed. If you are not represented, you may obtain representation.

## THE AUTOMATIC STAY

The filing of a bankruptcy petition operates as an automatic stay. Generally, the automatic stay prohibits the commencement or continuation of a Tax Court proceeding and, as a result, may extend the deadline to file a petition with the Tax Court.

You may request the Bankruptcy Court lift the automatic stay so that you are able to file a petition in Tax Court to challenge the Notice of Deficiency while you are in bankruptcy. If you file a Tax Court petition while the automatic stay is still in effect, the Tax Court may dismiss the petition for lack of jurisdiction.

## SITUATIONS WHERE THE AUTOMATIC STAY MAY NOT BE IN EFFECT

**Bankruptcy Petitions filed by individuals on or after October 17, 2005**

- Tax Court proceedings to redetermine post-petition tax liabilities are not stayed.
- Tax Court proceedings for post-petition periods may be commenced or continued without regard to whether the taxpayer filed a petition in bankruptcy on or after October 17, 2005.
- Liabilities that are owed for tax periods which end after you file bankruptcy are post-petition tax liabilities.
- Generally, a liability for a tax period that straddles the date that you file bankruptcy is considered to be a post-petition tax liability.
- If you do not agree with the Notice of Deficiency with regard to a post-petition tax liability, then you may petition the Tax Court for redetermination by the date shown in the Notice of Deficiency.

**Serial Bankruptcy Filings by Individuals Who Filed Bankruptcy Petitions on or after October 17, 2005**

- **One Prior Bankruptcy Petition Filed and Dismissed in the Year before the Current Bankruptcy Petition.**
  - The automatic stay will terminate 30 days after the current bankruptcy petition was filed.
  - The Bankruptcy Court may extend the automatic stay beyond the 30 day period if the debtor demonstrates that the current bankruptcy was filed in good faith.
  - If you do not agree with the Notice of Deficiency and the Bankruptcy Court has not extended the automatic stay, then you may petition the Tax Court for redetermination after the automatic stay has expired.

- **Two or More Prior Bankruptcy Petitions Filed and Dismissed in the Year before the Current Bankruptcy Petition.**
  - The automatic stay will not come into effect upon the filing of the current bankruptcy petition.
  - The Bankruptcy Court may provide an automatic stay.
  - The 90-day period (or 150-day period, if we mailed this letter to an address outside the U.S.) to file a petition with the Tax Court continued to run, unless the Bankruptcy Court provided an automatic stay.
  - If you do not agree with the Notice of Deficiency and the Bankruptcy Court has not provided an automatic stay, then you may petition the Tax Court for redetermination by the date shown in the Notice of Deficiency.

    **Important:** The serial filing rules explained above do not apply to current Chapter 11 or 13 bankruptcy petitions where the previous bankruptcy case was a Chapter 7 that was dismissed under 11 USC § 707(b).

## When One or Both Spouses are in Bankruptcy

- If both spouses are in bankruptcy and the bankruptcy automatic stay is in effect, each spouse should request the Bankruptcy Court to lift the automatic stay before filing a Tax Court petition for redetermination of tax liabilities.
- If the automatic stay is lifted with regard to only one spouse, then the Tax Court would only have jurisdiction over that spouse's petition.
- If only one spouse is in bankruptcy, then only that spouse must request that the stay be lifted if that spouse wants to have the tax liability redetermined by the Tax Court.

Notice 1421 (1-2012)  Catalog Number 59101E  Department of the Treasury  Internal Revenue Service  www.irs.gov

- The spouse who is not in bankruptcy may file a separate petition in Tax Court and must be vigilant to file by the date shown in the Notice of Deficiency.

- The automatic stay does not extend protection to the spouse who is not in bankruptcy.

- If both spouses are in bankruptcy, it is possible for only one spouse to be considered a serial filer (as addressed above).

## FILING A TAX COURT PETITION AFTER THE AUTOMATIC STAY HAS TERMINATED

You may file a Tax Court petition after the automatic stay is lifted by the Bankruptcy Court or when the automatic stay is no longer in effect by operation of law.

**If the automatic stay was in effect as of the date of the Notice of Deficiency**, then once the automatic stay ends, you have 90 days (or 150 days if your address was outside the United States), plus an additional 60, to file your Tax Court petition requesting a redetermination of the deficiency.

| Days to petition the Tax Court per the Notice of Deficiency | 90 (or 150) |
| --- | --- |
| IRC section 6213(f) Days | + 60 |
| Number of Days to file a Tax Court Petition | = 150 (or 210) |
| Date Automatic Stay Was Lifted | + |
| Last Date to File a Petition with the Tax Court | = |

**If the automatic stay was not in effect as of the date of the Notice of Deficiency** and you file a bankruptcy petition within the 90 day period (or 150 days if your address was outside the United States) in which you have to file a Tax Court petition, the bankruptcy automatic stay will extend the deadline for filing your Tax Court petition. Once the stay ends, you have the original 90 days (or if applicable, 150 days) less the number

of days that had expired prior to the filing of the bankruptcy petition, plus an additional 60 days, in which to file your Tax Court petition for redetermination of the liabilities for those tax periods that you were previously, by way of the automatic stay, prohibited from filing a petition in Tax Court.

| Days to petition the Tax Court per the Notice of Deficiency | 90 (or 150) |
| --- | --- |
| Number of days that expired prior to filing the bankruptcy petition | - |
| Number of Days left of the original 90 days (or 150 days) | = |
| IRC section 6213(f) Days | + 60 |
| Number of Days to file a Tax Court Petition | = |
| Date Automatic Stay Was Lifted | + |
| Last Date to File a Petition with the Tax Court | = |

## CHALLENGING THE IRS'S DETERMINATION OF A TAX LIABILITY IN BANKRUPTCY COURT

Depending on the facts of your bankruptcy filing, the bankruptcy process may give you an alternative forum to determine your tax liabilities. The IRS may file a proof of claim with the Bankruptcy Court for the amounts reflected on the Notice of Deficiency plus applicable interest and additions to tax. You may object to the proof of claim by filing an objection with the Bankruptcy Court. In some bankruptcy petitions, you may be able to initiate a proceeding under Bankruptcy Code § 505 for the court to determine the amount of your tax liability. If your tax liability is determined either by an objection to the claim proceeding or by a § 505 determination by the Bankruptcy Court, then that determination is final, and the Tax Court would no longer have jurisdiction to consider an otherwise timely petition for redetermination after the termination of the automatic stay.

| Form **4089-B** (October 1999) | Department of the Treasury – Internal Revenue Service<br>**Notice of Deficiency-Waiver** | Symbols<br>SE:S:E:TS:W:SEA:W140 |
|---|---|---|

| Name and address of taxpayer(s)<br>Edward J. & Shannon L. Duffy<br>1717 Southwest Highland Road<br>Portland OR 97221-2729 | Social Security or Employer Identification Number |
|---|---|

| Kind of tax<br><br>Income | ☐ Copy to authorized representative |
|---|---|

#### DEFICIENCY — Increase in Tax and Penalties

| Tax Year Ended: | Deficiency: | Penalties or Additions to Tax: IRC 6662(a) |
|---|---|---|
| December 31, 2009 | $44,514.00 | 7,942.80 |
| December 31, 2010 | $40,469.00 | 8,093.80 |
| December 31, 2011 | $318,580.00 | 63,716.00 |
| December 31, 2012 | $59,022.00 | 11,804.40 |
| December 31, 2013 | $198,329.00 | 39,647.80 |
| December 31, 2014 | $1,544.00 | 108.80 |

* This amount only reflects the addition to tax under IRC section 6651(a)(2) through the date of this notice. The addition to tax will continue to accrue from the due date of the return at a rate of one-half percent (0.5%) for each month, or fraction thereof, of nonpayment, not exceeding twenty-five percent (25.0%).

**See the attached explanation for the above deficiencies**

I consent to the immediate assessment and collection of the deficiencies (increase in tax and penalties) shown above, plus any interest provided by law.

**Your Signature** ➤ ............................................................... (Date signed)

**Spouse's Signature (If A Joint Return Was Filed)** ➤ ............................................................... (Date signed)

**Taxpayer's Representative Sign Here** ➤ ............................................................... (Date signed)

**Corporate Name** ➤ ...............................................................

**Corporate Officers Sign Here** ➤ ...............................................................
  (Signature)          (Title)          (Date signed)

➤ ...............................................................
  (Signature)          (Title)          (Date signed)

**If you agree, please sign one copy and return it; keep the other copy for your records.**

Cat. No. 29000E          www.irs.gov          Form **4089-B** (10-1999)

In Re Duffy
18-33339-tmb 13 Case 18-33339-tmb13     Doc 38     Filed 11/06/18
Motion to Convert to Chapter 7     Exhibit 1 page 57 of 58

**Note:**

If you consent to the assessment of the amounts shown in this waiver, please sign and return it in order to limit the accumulation of interest and expedite our bill to you. Your consent will not prevent you from filing a claim for refund (after you have paid the tax) if you later believe you are entitled to a refund. It will not prevent us from later determining, if necessary, that you owe additional tax; nor will it extend the time provided by law for either action.

If you later file a claim and the Internal Revenue Service disallows it, you may file suit for refund in a district court or in the United States Claims Court, but you may not file a petition with the United States Tax Court.

**Who Must Sign**

If this waiver is for any year(s) for which you filed a joint return, both you and your spouse must sign the original and duplicate of this form. Sign your name exactly as it appears on the return. If you are acting under power of attorney for your spouse, you may sign as agent for him or her.

For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.

For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.

For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign.

**Optional Paragraphs**

A check in the block to the left of a paragraph below indicates that the paragraph applies to your situation.

☐ The amount shown as the deficiency may not be billed, since all or part of the refund due has been held to offset all or a portion of the amount of the deficiency. The amount that will be billed, if any, is shown on the attached examination report.

☐ The amount shown as a deficiency may not be billed, since the refund due will be reduced by the amount of the deficiency. The net refund due is shown on the attached examination report.

In Re Duffy  Motion to Convert to Chapter 7  Exhibit 1 page 58 of 58
18-33339-tmb 13 Case 18-33339-tmb13  Doc 38  Filed 11/06/18

Docket No.   008711-16                                                INDEX

Edward J. Duffy & Shannon L. Duffy

v. COMMISSIONER OF INTERNAL REVENUE

Edward J. Duffy
Shannon L. Duffy

| Petitioner Counsel     (Total 01) | Respondent Counsel     (Total 01) |
|---|---|
| PRO SE | LN0081     Luu, Nhi T |
| | 1220 SW 3rd Avenue |
| | Suite G004, MS 0-700 |
| | Edith Green - Wendall Wyatt Fe |
| | Portland, OR  97204 |

| | NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | | SERVED | M |
|---|---|---|---|---|---|---|---|---|
| | 0001 | 04/14/2016 | PF | PETITION FILED by Petrs. Edward J. Duffy & Shannon L. Duffy: FEE PAID | | R | 04/18/2016 | |
| | 0002 | 04/14/2016 | RQT | REQUEST FOR PLACE OF TRIAL AT PORTLAND, OR by Petrs. Edward J. Duffy & Shannon L. Duffy | | R | 04/18/2016 | |
| | 0003 | 06/03/2016 | A | ANSWER by Resp. | | P | 06/03/2016 | |
| | 0004 | 04/10/2017 | NTD | NOTICE OF TRIAL ON 9/11/2017 AT PORTLAND, OR. | | B | 04/10/2017 | |
| | 0005 | 04/10/2017 | SPTO | STANDING PRE-TRIAL ORDER ATTACHED TO NOTICE OF TRIAL | | B | 04/10/2017 | |
| | 0006 | 05/31/2017 | M006 | MOTION FOR CONTINUANCE OF TRIAL GENERALLY by Resp. (NO OBJECTION) | ORD  06/01/2017 | P | 05/31/2017 | |
| | 0007 | 05/31/2017 | NPB | NOTICE OF PROCEEDING IN BANKRUPTCY AS TO PETR. EDWARD J. DUFFY by Resp. (EXHIBIT) | | P | 05/31/2017 | |
| | 0008 | 06/01/2017 | O | ORDER THAT RESP'S. MOTION FOR CONTINUANCE IS GRANTED IN THAT THIS CASE IS STRICKEN FOR TRIAL.  ALL PROCEEDINGS ARE STAYED AS TO PETR. EDWARD J. DUFFY.  THE PARTIES BY 9/1/17 FILE STATUS REPORTS. | | B | 06/02/2017 | |
| | 0009 | 06/22/2017 | M112 | MOTION TO WITHDRAW AS COUNSEL by Kevin O'Connell for Petrs. Edward J. Duffy & Shannon L. Duffy (C/S 06/22/17) | ORD  08/01/2017 | R | 06/22/2017 | |
| | 0010 | 06/23/2017 | OSC | ORDER PARTIES BY 7-13-17 SHOW CAUSE IN WRITING WHY THE PROCEEDINGS HEREIN SHOULD NOT BE STAYED AS TO PETR. SHANNON L. DUFFY. ADDITIONAL SERVICE IS MADE ON PETR. AT ADDRESS ON RECORD. | ORD  08/01/2017 | B | 06/26/2017 | |
| | 0011 | 06/23/2017 | O | ORDER PARTIES BY 7-13-17 FILE AN OBJECTION TO MOTION TO WITHDRAW. | | B | 06/26/2017 | |
| | 0012 | 07/05/2017 | NNOB | NOTICE OF NO OBJECTION TO MOTION TO WITHDRAW AS COUNSEL by Resp. (C/S 07/05/17) | | P | 07/05/2017 | |
| | 0013 | 07/05/2017 | RSP | RESPONSE TO ORDER DATED 06/23/2017 by Resp. (C/S 07/05/17) | | P | 07/05/2017 | |

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | | SERVED | M |
|---|---|---|---|---|---|---|---|
| 0014 | 08/01/2017 | O | ORDER RESP. NOTICE OF OBJECTION FILED 7/5/17, IS RETITLED AS RESP. NOTICE OF NO OBJECTION TO MOTION TO WITHDRAW AS COUNSEL.  KEVINE O'CONNELL'S MOTION TO WITHDRAW AS COUNSEL IS GRANTED. | | B | 08/01/2017 | |
| 0015 | 08/01/2017 | O | ORDER COURT'S ORDER TO SHOW CAUSE DATED JUNE 23, 2017 IS MADED ABSOLUTE. ALL PROCEEDINGS ARE HEREIN STAYED AS TO PETR. SHANNON L. DUFFY. | | B | 08/01/2017 | |
| 0016 | 08/24/2017 | RPT | STATUS REPORT by Resp. (C/S 08/24/17) (EXHIBITS) | | C | 08/24/2017 | |
| 0017 | 09/11/2017 | O | ORDER STAYS IN THIS CASE ARE LIFTED & CASE ISRESTORED TO THE GENERAL DOCKET. | | B | 09/11/2017 | |
| 0018 | 07/11/2018 | NTD | NOTICE OF TRIAL ON 12/10/2018 AT PORTLAND, OR. | | B | 07/11/2018 | |
| 0019 | 07/11/2018 | SPTO | STANDING PRE-TRIAL ORDER ATTACHED TO NOTICE OF TRIAL | | B | 07/11/2018 | |
| 0020 | 09/21/2018 | REQA | FIRST REQUEST FOR ADMISSIONS by Resp. (C/S 09/21/18) | | C | 09/21/2018 | |
| 0021 | 10/04/2018 | NPB | NOTICE OF PROCEEDING IN BANKRUPTCY by Resp. (C/S 10/04/18) (EXHIBIT) | | C | 10/04/2018 | |
| 0022 | 10/09/2018 | O | ORDER PETR. BY 11-9-18 FILE SEPARATE STATUS REPORTS. | | B | 10/10/2018 | |
| 0023 | 10/24/2018 | M064 | MOTION TO COMPEL PRODUCTION OF DOCUMENTS AS TO PETITIONER SHANNON L. DUFFY by Resp. (C/S 10/24/18) (EXHIBITS) | | C | 10/24/2018 | |
| 0024 | 10/24/2018 | M065 | MOTION TO COMPEL RESPONSES TO INTERROGATORIES AS TO PETITIONER SHANNON L. DUFFY by Resp. (C/S 10/24/18) (EXHIBITS) | | C | 10/24/2018 | |
| 0025 | 10/29/2018 | NTDT | NOTICE REMINDING THE PARTIES OF TRIAL ON 12/10/2018 AT PORTLAND, OR. | | B | 10/29/2018 | |