Michael D. O'Brien, OSB 951056
Michael D. O'Brien & Associates, P.C.
12909 SW 68th Parkway, Suite 160
Portland, OR 97223
(503) 786-3800

Attorney for Edward J. Duffy, Debtor.

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: ) | |
| ) | Case No. 18−33339−tmb13 |
| Edward J. Duffy ) | |
| ) | DEBTOR'S RESPONSE IN |
| ) | OPPOSITION TO MOTION TO |
| Debtor. ) | CONVERT |
| ) | |

The Debtor, by and through his Attorneys, Michael D. O'Brien & Associates, P.C. responds in opposition to the Motion to Convert filed by the United States of America. The Debtor denies that the United States tax claim is subject to "ready determination." The Debtor argues that the actual tax owed can only be determined after an extensive hearing by the United States Tax Court in which evidence is taken and the law is applied. Due to the complexity of the tax code, even after the Tax Court makes a legal determination, its own procedures contemplate disagreement on the mathematical calculation of tax owed.

### Eligibility Issue

The United States argues that the Debtor's non-contingent, liquidated, unsecured debt exceeds the allowed debt limits established by 11 USC §109(e). Effectively, the United States

advises this Court that its "notice of tax assessment" should definitively answer the eligibility question and that the Court should look no further into the issue. Implicit in this argument is the assumption that the United States makes no mistake and that Due Process protections need not be considered. However, the United States in its own guidance materials acknowledges the possibility of error and that "The Tax Court has jurisdiction to re-determine whether deficiencies determined by the Commissioner are correct." Section 35.1.1.2 of the Internal Revenue Manual.[1]

The Debtor listed, in good faith, the claim of the IRS on the Schedules he filed with this Court at $936,000 being an approximation of what he believed the United States asserted he owed. The Debtor also listed this claim as "disputed". As the United States admits, after assessment, the Debtor timely filed a Petition in United States Tax Court for a determination of liability. The Tax Court has scheduled trial on the issue for December 10, 2018. At some time after that date, the Tax Court will rule and determine the actual tax liability owed by the Debtor.

The Debtor disputes the debt owed to the United States is liquidated. Although the United States asserts the dollar amount has already been decided, the standard in this circuit is whether a debt is "subject to ready determination and precision in computation of the amount due." *Fostvedt v. Dow (In re Fostvedt)*, 823 F.2d 305, 306 (9th Cir 1987)(quoting *Sylvester v. Dow Jones and Co., Inc. (In re Sylvester)*, 19 B.R. 671, 673 (9th Cir. BAP 1982)). "Whether the debt is subject to 'ready determination" will depend on whether the amount is easily calculable or whether an extensive hearing will be needed to determine the amount of the debt, or the liability of the debtor." *Slack v. Wilshire Ins. Co. (In re Slack)*, 187 F.3d 1070, 1074 (9th Cir. 1999).

---

[1] https://www.irs.gov/irm/part35/irm_35-001-001

The United States Tax Court is an Article I court established by Congress by 26 U.S.C. §7441 et seq. and is given authority to establish Rules governing practice before it by 11 USC §7453. Those rules include common procedures for early dispositive determination when no real controversy exists including: (a) judgments on the pleadings under Rule 120, (b) summary judgment under Rule 121, and submission without trial under Rule 122.[2] In the Tax Court action involving the Debtor, the United States has not sought determination of the dispute by any of the above dispositive measures. If, as the United States would have this court believe, the Debtors' notice of tax assessment conclusively liquidates the claim, then presumably it would have sought to bring a dispositive early determination by the Tax Court. The failure of the United States to seek such an expedited conclusion to the Tax Court case establishes that the determination of actual tax owing will require an evidentiary analysis by the Tax Court and the application of law – in other words not a "ready determination" of the debt as *Slack* requires to conclude the debt is liquidated for purposes of 11 USC §109(e).

The rules of the Tax Court contemplate that even after it reaches a decision on the application of law to facts, a calculation of the resulting tax owed by the taxpayer may still have to be made. See Rule 155. In other words, even after conclusion of the trial, both the United States and the Debtor may still have to submit independent calculations of the tax for final decision of the Tax Court. Nothing in this process implies the level of "ready determination" asserted by the United States such that this Court should definitively conclude that the notice of assessment establishes a "liquidated" claim. In fact, the opposite conclusion should be reached by this Court.

---

[2] Official Rules of the United States Tax Court, https://www.ustaxcourt.gov/rules.htm

The United States reliance on the *Wenberg* opinion to support their contention the tax debt is "readily determinable" is misplaced.[3] See Motion of United States at P. 7. *Wenberg* involved a hearing to determine if an award of damages and attorney fees was liquidated for purposes of §109(e). The bankruptcy court found the damages portion of the claim was unliquidated but the award of attorney's fees was liquidated because "the amount of the attorneys' fees could easily have been ascertained by examining the billing statements." *Wenberg* at 632. On the issue of "ready determination", the *Wenberg* opinion provided that the "bankruptcy judge has the best occasion to determine whether a claim will require an overly extensive hearing or whether the claim is subject to a bona fide dispute; therefore not subject to 'ready determination'." In confirming the bankruptcy judge's opinion, the BAP stated "the bankruptcy court was able to discern the approximate fees for services involving only the adversary proceeding by questioning the attorneys as to the entries. The transcript indicates that this hearing was not overly extensive." *Wenberg* at 635. There was no legal issue in dispute in *Wenberg* as the fees had already been awarded, it was only the amount that was to be "readily determined" and that required only a review of billing statements and questions of the lawyer. Unlike the situation in *Wenberg*, the liability owed to the United States by the Debtor is in bona fide dispute and will require not only a factual determination but a legal analysis of the Tax Code in a trial that may take 1 ½ to 2 days. *Wenberg* is distinguishable from the facts of this case.

If the claim of the United States is not subject to "ready determination" then it is not liquidated for purposes of 11 USC §109(e). Other than the eligibility issue, the United States has

\\\

\\\

---

[3] FDIC v. Wenberg (In re Wenberg), 94 B.R. 631 (BAP 9th Cir. 1988), aff'd, 902 F.2d 768 (9th Cir. 1990).

raised no other reason for this Court to find "cause" under §1307(c) and therefore the Motion to Convert should be denied.

Dated this __6th__ day of December, 2018

Respectfully Submitted By:

 /s/ Michael D. O'Brien
Michael D. O'Brien, OSB # 951056
Of Attorneys for Debtor

In re       Edward J. Duffy

Case No.    18−33339−tmb13

CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2018, I served the foregoing "Debtor's Response in Opposition to Motion to Convert" on the following parties by mailing to each at the address below in a sealed envelope, with postage prepaid, and deposited in the United States Post Office:

Edward J. Duffy -Via Electronic E-Mail

I further certify that the following person(s) will be served electronically when the foregoing

document is filed with the court:

MATTHEW A ARBAUGH on behalf of Creditor Kehoe NW Properties
matt@arbaugh-law.com

JESSE A BAKER on behalf of Creditor U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE FOR BEAR STEARNS ARM TRUST 2005-9, MORTGAGE-BACKED NOTES, SERIES 2005-9
ecforb@aldridgepite.com, JPB@ecf.inforuptcy.com;jbaker@aldridgepite.com

JESSE A BAKER on behalf of Creditor Wells Fargo Home Mortgage
ecforb@aldridgepite.com, JPB@ecf.inforuptcy.com;jbaker@aldridgepite.com

KATHLEEN LOUISE BICKERS on behalf of Creditor Department of Treasury-Internal Revenue Service
kathleen.bickers@usdoj.gov, deryl.looney@usdoj.gov

JOSEPH A FIELD on behalf of Creditor John and Debra A Stover
joe@fieldjerger.com, pamela@fieldjerger.com

JOSEPH A FIELD on behalf of Creditor Matt Stover
joe@fieldjerger.com, pamela@fieldjerger.com

Wayne Godare
c0urtmai1@portland13.com, c0urtmai1@portland13ct.com

NICHOLAS J HENDERSON on behalf of Creditor Nicholas J. Henderson
nhenderson@portlaw.com, tsexton@portlaw.com;mperry@portlaw.com

JEREMY N HENDON on behalf of Creditor Department of Treasury-Internal Revenue Service
jeremy.hendon@usdoj.gov, western.taxcivil@usdoj.gov

MICHAEL D O'BRIEN on behalf of Debtor Edward J. Duffy
enc@pdxlegal.com, hugo@pdxlegal.com;lauren@pdxlegal.com

PATRICK L STEVENS on behalf of Creditor Mid Oregon Federal Credit Union
pstevens@eugene-law.com, lmiller@eugene-law.com,ncheever@eugenelaw.com

US Trustee, Portland
USTPRegion18.PL.ECF@usdoj.gov

LAURA J WALKER on behalf of Creditor Bank of Oswego
lwalker@cablehuston.com, fchandler@cablehuston.com


                                              /s/ _Hugo A. Zollman_____
                                              Hugo A. Zollman
                                              Bankruptcy Paralegal to
                                              Michael D. O'Brien & Associates, P.C.
                                              Michael D. O'Brien, OSB #951056
                                              Of Attorneys for Debtors